358 So.2d 220 (1978)
Larry Louis LOMBARDI, Appellant,
v.
STATE of Florida, Appellee.
No. GG-176.
District Court of Appeal of Florida, First District.
April 18, 1978.
Rehearing Denied May 24, 1978.
*221 Michael J. Minerva, Public Defender; and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOOTH, Judge.
This cause is before the Court on appeal from the judgment of the Circuit Court, Duval County, entered on a jury verdict convicting appellant on two counts of assault on a law enforcement officer, and one count of attempted possession of a concealed weapon.
Appellant contends the trial court erred in refusing to allow testimony concerning the civil suit brought by appellant against the Jacksonville Sheriff's Department. That suit was settled in 1974, some three years prior to suit in this case. Appellant contends the evidence is admissible to show bias affecting the credibility of the prosecution witnesses in the instant case.
Appellant testified that officer Gardner, who stopped him for an alleged traffic violation, stated that he, Gardner, understood appellant "liked to complain about officers," and that appellant was "a troublemaker and he didn't like troublemakers." Appellant then attempted to testify concerning the complaint he filed against the Sheriff's Department in a civil suit but objection was sustained. Appellant also attempted to testify that one of the officers against whom he filed the complaint in 1973 was also involved in this case. The court again sustained the State's objection.
During the cross-examination of officer Gardner, the alleged victim of count one, the witness stated he had been with the Sheriff's force in 1973, but when appellant asked if Gardner was with the force at the time appellant filed his complaint against the Sheriff's Department, the trial court sustained the objection.
The trial court ruled that due to the remoteness in point of time, evidence of the prior civil suit was not material. On that basis, the trial court distinguished the case of Webb v. State, 336 So.2d 416 (2nd DCA 1976), wherein the defendant in a criminal case was held entitled to introduce evidence of a civil suit against the police department filed a month prior to his arrest for the criminal violation.
We hold that the trial court erred in excluding this evidence, and in disallowing appellant's requested jury instructions on credibility of the witnesses as affected by bias. In this case, as in the Webb case, the jury was confronted with a direct conflict in the testimony between the accused and his supporting witnesses as to how the incident occurred, and the testimony of the law *222 enforcement officers who were direct participants or witnesses to the alleged offense.
In Webb, the defendant was accused of making a sale of marijuana to a police officer, one Carnahan, in a parking lot. In Webb, as in this case, the testimony of the officer or officers involved was controverted by both the accused and a number of disinterested witnesses at or near the scene. Under these circumstances, we agree with the holding of the Webb decision (336 So.2d 416 at 418):
"We hold that this evidence was improperly excluded. Bias or prejudice of a witness has an important bearing on his credibility, and evidence tending to show such bias is relevant. We make no comment on the merit of appellant's defense that he was `framed' by the police department because of his civil suit, but we hold he was entitled to have that evidence presented to the jury... . And the fact that Carnahan himself was not a party to the civil suit makes no material difference. The city which employed Carnahan and the city's Police Chief were parties and it is sufficient that they may have had a bias against him ..."
The fact that a number of years had passed since appellant filed and settled the lawsuit against the Sheriff's Department in the instant case goes to the weight of the evidence as bearing on the bias and credibility of the witnesses against him, but does not render the evidence inadmissible.[1] Its exclusion was prejudicial error under the particular circumstances of this case. There was testimony in the record, including that of a law enforcement officer, as to the treatment of the defendant at the time of his apprehension which could indicate a desire on the part of the officers to punish the defendant, and which went beyond what is necessary, or expected, of law enforcement officers in the usual performance of their duties. While we make no comment on the merits of appellant's defense to the charges against him, sufficient is shown by the record here to require submission to the jury of the excluded evidence regarding the prior suit against the Sheriff's Department as bearing on the possible bias of the officers involved.
The other points raised by appellant have been considered and found to be without merit.
Accordingly, the judgment below is REVERSED and the cause REMANDED for further proceedings consistent herewith.
BOYER, Acting C.J., and MILLS, J., concur.
NOTES
[1] 13 Fla Jur, Evidence § 115 and cases cited therein. Accord, Simmons v. Wainwright, 271 So.2d 464 (1st DCA 1973); McDuffie v. State, 341 So.2d 840 (2nd DCA 1977).