727 So.2d 1114 (1999)
Nathaniel BRATCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-527.
District Court of Appeal of Florida, Fifth District.
March 12, 1999.
*1115 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The defendant appeals from his convictions for possession of cocaine and resisting an officer without violence. The defendant argues that the trial court erred in denying his motion to suppress, in denying his motion for judgment of acquittal, and in instructing the jury. We find that only the last point has merit.
On the night of March 27, 1997, Deputy Guerra drove past an unoccupied, idling car, engine running and lights on. The car was in the middle of a residential street. Guerra saw no driver or passenger though several people were standing on the sidewalk about 2-3 feet from the car. The deputy continued patrolling and ran a computer check on the vehicle to see if it had been stolen. Guerra learned that there was no report that the car had been stolen, but its owner had a warrant out for her arrest.
The deputy returned to the scene and followed the car as it drove away. The deputy intended to arrest the owner if she was in the car. The deputy did not see who had entered the vehicle. Guerra stopped the vehicle as it pulled into a driveway and as he approached the vehicle he saw that it had two occupants, both males. The deputy had each occupant provide identification. The driver was one Theodore Small and the defendant was the passenger. Small stepped out of the vehicle and was asked if he knew the owner of the car. Small replied that his girlfriend owned the car. Small seemed nervous, continually reaching into his pockets.
*1116 After assistance arrived, Deputy Guerra approached the defendant. The defendant seemed hurried, approaching the deputy and inviting a search of his person. The deputy noticed that before the defendant approached, the defendant had leaned down toward the ground, on the passenger side of the vehicle. The deputy patted down the defendant and found a very large wad of cash. The deputy testified he had not yet completed his investigation, having apparently yet to question the defendant about his knowledge of the vehicle owner. The deputy ordered the defendant not to leave but the defendant began walking toward the house. Deputy Guerra investigated the area of the vehicle where he had seen the defendant lean over and as the deputy bent down, the defendant took off running. The deputy observed a plastic bag under the vehicle which appeared to contain crack cocaine. The contents of the bag were in fact cocaine.
The facts here establish a lawful investigatory stop. The deputy was investigating the vehicle whose owner was wanted on an outstanding warrant. The deputy did not see who had entered the vehicle and had no way of knowing the owner was not in the vehicle when he decided to stop the vehicle. A founded suspicion existed for the stop as the deputy possessed a reasonable belief that the vehicle contained the person for whom an outstanding warrant existed. Once the deputy undertook the investigatory stop, he could briefly detain the men and request that they identify themselves. The driver and passenger could be ordered to exit the vehicle in connection with this brief investigation. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997).
The deputy obtained identification and undertook to determine the circumstances surrounding the occupants' possession and operation of the car whose owner was wanted by the authorities. The deputy had the right to briefly detain the occupants in connection with this inquiry. The investigation, which took no more than five minutes, had yet to conclude when the defendant took off running, contrary to the deputy's directive. The motion to suppress, challenging the stop and detention, was properly denied.
The defendant's motion for judgment of acquittal was properly denied. The state presented sufficient circumstantial evidence of the defendant's constructive possession of the contraband to permit jury consideration of the issue. See Greene v. State, 625 So.2d 1293 (Fla. 5th DCA), cause dismissed by 630 So.2d 1099 (Fla.1993). See also State v. St. Jean, 658 So.2d 1056 (Fla. 5th DCA 1995)(flight upon discovery of contraband may be used to show guilty knowledge).
The jury was instructed, over objection, in accordance with the standard instructions on resisting an officer without violence, section 843.02, Florida Statutes[1]:
Before you can find the defendant guilty of resisting an officer without violence, the State must prove the following three elements beyond a reasonable doubt: One, Nathaniel Bratcher opposed Deputy Joe Guerra; two, at the time Deputy Joe Guerra was engaged in the lawful execution of a legal duty; three, at the time Deputy Joe Guerra was an officer.
The court now instructs you that every deputy sheriff is an officer within the meaning of this law.
The court further instructs you that effecting or attempting to effect a detention constitutes lawful execution of a legal duty. (Emphasis added).
The court refused the defendant's proposed jury instruction No. 2.
The defendant argues that the instruction given was insufficient in this case where it was asserted that the stop and detention were unlawful. The defendant relies for reversal on State v. Anderson, 639 So.2d 609 (Fla.1994). In Anderson, the supreme court announced that in a prosecution for resisting arrest without violence, when the defendant *1117 maintains that the arrest was unlawful and requests that the jury be instructed on that defense, such "an instruction should be given to insure that the jury understands that it must decide the issue." 639 So.2d at 610. The court did observe that while no such instruction was requested in the case before it, the addition of the word "lawful" to the standard instruction ("effecting a lawful arrest constitutes lawful execution of a legal duty") served to clarify that the legality of the arrest was an issue for the jury.
The state here does not address Anderson but rather argues that the defendant's proposed instruction No. 2 was inadequate and incorrect:
Before you can find the Defendant, Nathaniel Bratcher, guilty of Resisting an Officer Without Violence, the State must prove the following three elements beyond a reasonable doubt:
1. Nathaniel Bratcher resisted, obstructed or opposed Joe Guerra.
2. At the time Joe Guerra was engaged in the lawful execution of a duty.
3. At the time Joe Guerra was an officer.
The Defendant has the right to resist without violence an officer who conducts an unlawful arrest, detention and or criminal investigation. Woodson v. State.

The Court further instructs you if the arrest of Nathaniel Bratcher is unlawful, the Defendant has the right to resist, obstruct or oppose without violence such unlawful arrest.
The Court further instructs you that, a peace officer making an arrest without a warrant shall inform the person to be arrested of his authority and the cause of arrest except when the person flees or forcibly resists before the information will imperil the arrest.
The legality of the arrest is an element of the offense of resisting arrest without violence. State v. Espinosa, 686 So.2d 1345 (Fla.1996). In a jury trial, this is an issue for the jury to decide. In this case, unlike Anderson, the jury was not instructed as to the defendant's claim concerning the alleged unlawfulness of the detention and arrest so the jury could not have understood that this was an issue that it must decide. The proposed instruction may have been repetitious and portions may have been unnecessary but the gist of the instruction should have been given: the jury should have been instructed on the defense claim of an unlawful detention and arrest.
We affirm the conviction for possession of cocaine. The conviction for resisting an officer without violence is reversed and the cause is remanded for retrial on that charge.
AFFIRMED IN PART; REVERSED IN PART; CAUSE REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Whoever shall resist, obstruct, or oppose any officer ....in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.