733 So.2d 1137 (1999)
James HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2630.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, James Hampton, was convicted of possession of cocaine and resisting arrest without violence. At trial, Hampton validly raised the unlawfulness of his arrest as a defense to the charge of resisting arrest without violence, and requested that the jury be given a special jury instruction relating to such defense. We reverse the resisting arrest charge and hold that the trial court erred in denying appellant's request for a special jury instruction concerning the legality of his arrest.
In State v. Anderson, 639 So.2d 609, 610 (Fla.1994), our supreme court stated:
[W]e hold that the standard instruction does not take the issue of the lawfulness of the arrest from the jury. However, in those cases where the defendant maintains that the arrest was unlawful and requests that the jury be instructed on that defense, an instruction should be given to insure that the jury understands that it must decide the issue. (emphasis added).
The Anderson court went on to find that there was no prejudice since the trial court's "addition of the word `lawful' to the standard [jury] instruction served to clarify that the legality of the arrest was an issue for the jury." 639 So.2d at 610-11. The trial court had instructed the jury that "`effecting a lawful arrest constitutes lawful execution of a legal duty.'" Id. at 610 (emphasis in original).
In the instant case, the trial court instructed the jury that "the arrest and/or detention of a person constitutes the lawful execution of a legal duty." In leaving out the word "lawful" prior to the word "arrest," the trial court here, unlike the trial court in Anderson, failed to adequately clarify for the jury that the legality of the defendant's arrest was an issue for its determination. In other words, although the jury was instructed that appellant's arrest constituted the lawful execution of a legal duty by the police officer, it is not clear that the jury would have understood, from the instruction given, that the arrest itself must first have been a lawful one.
Accordingly, we affirm in part, reverse in part, and remand for a new trial on the charge of resisting arrest without violence.
GUNTHER and WARNER, JJ., concur.