812 So.2d 540 (2002)
Gerald CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2336.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
*541 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Gerald Campbell appeals his convictions for sale of cocaine within 1000 feet of a school and resisting arrest without violence. We reverse for two reasons: 1) the trial court abused its discretion in severely limiting defense counsel's right to conduct individual voir dire on the presumption of innocence, burden of proof, and the defendant's right to remain silent; and 2) the trial court erred in instructing the jury on the resisting arrest charge that the arrest was lawful.
On April 6, 1999, at approximately 4:00 pm, the Lauderhill, Hallandale, and Cooper City police departments conducted a drug buy-bust, wherein a group of officers drove to Mission Lake Plaza in Lauderhill and attempted to purchase drugs. Detective Andrew Raphael drove a rented Haul van into the plaza and posed as a drug addict. Appellant walked up to the U-Haul and asked Detective Raphael "what do you need?" Detective Raphael said that he needed a "ten piece," a common street name for ten dollars worth of crack cocaine. Appellant gave the crack rock to Detective Raphael and the detective handed appellant the money.
After the transaction was completed, Detective Raphael gave a pre-arranged signal and a group of officers jumped from the back of the U-Haul van to arrest appellant. The officers were wearing black outfits with the words "POLICE" written in large letters across their chest. They ordered appellant to stop, but he fled and was apprehended a few moments later by Detective Eugene Lewis. The drug transaction occurred approximately 820 feet from Royal Palm Elementary School.
Appellant was charged with sale or delivery of a controlled substance within 1000 feet of a school, in violation of sections 893.13(1)(c)1. and 893.03(2)(a)4., Florida Statutes (1999), and resisting arrest without violence, in violation of section 843.02, Florida Statutes (1999). After a jury trial, appellant was convicted of both counts.
At the beginning of voir dire, the trial judge lectured the jury panel extensively on the presumption of innocence, the state's burden of proof, and the defendant's right to remain silent. He questioned them about their understanding of these concepts and willingness to follow them. Thereafter, the state conducted its own voir dire examination.
Before appellant's counsel began his voir dire examination, the judge asked him how long it would take him to complete his voir dire. Counsel responded that he would need the same amount of time the state used. The judge advised him that the state had taken forty-five minutes and told him that he should need only twenty minutes. Further, during voir dire, the trial judge instructed appellant's counsel to "try *542 and stay away from anything I've gone over." Appellant's counsel questioned the jurors about reasonable doubt and the presumption of innocence. However, when he delved into the area of the state's burden of proof and appellant's right to remain silent, the judge interrupted and admonished him:
MR. SERPER: Okay. The judge pointed out an interesting
 point before. Who wants to
 hear both sides of the story?
THE COURT: Hold it, hold it.
MR. SERPER: I'll be very brief.
THE COURT: Hold it. You're going to be briefer
 than you think. Get off it. Go onto
 something else.
MR. SERPER: Judge, if I can briefly
THE COURT: Go onto something else.
MR. SERPER: Can I ask for a sidebar?
THE COURT: Do you want to argue with me?
MR. SERPER: Probably.
THE COURT: I've got a
MR. SERPER: Judge
THE COURT: Go onto something else, no. That's
 the last time I'm going to say it.
MR. SERPER: Judge, respectfully.
THE COURT: No, not even respectfully.
MR. SEMPER: Judge, I feel he [sic] have a right to
 talk about this with the jury. Okay?
 Can we approach sidebar.
THE COURT: Go on or sit down. Don't make me
 do things.
MR. SERPER: Judge, so the record is clear, you're
 not going to let me talk about the
 presumption of innocence?
THE COURT: It's been done, gone over, and
 enough is enough.
The next day when voir dire continued, appellant's counsel renewed his objection to the court's not allowing him to question the jurors about appellant testifying or not testifying:
MR. SERPER: On behalf of Mr. Campbell, I'll renew
 my objection to the fact that you're
 not allowing me to question about my
 client testifying or not testifying in
 front of the jury yesterday. You obviously
 told me not to do so and
THE COURT: I told you that it was discussed in
 front of that jury at least five times.
MR. SERER: Not by me.
THE COURT: Be [sic] myself. It doesn't have to be
 discussed again, and you're right, I
 denied your request and in the beginning
 I told you not to go over the
 things that we've already discussed.
Despite the fact that the court was extremely thorough in its discussion of presumption of innocence and burden of proof, it nevertheless erred in limiting appellant's inquiry into these areas. While Florida Rule of Criminal Procedure 3.300(b) permits a judge to examine prospective jurors individually or collectively, the rule also provides that "[c]ounsel for both the state and the defendant shall have the right to examine jurors orally on their voir dire.... The right of the parties to conduct an examination of each juror orally shall be preserved."
"The purpose of voir dire is to ensure a fair and impartial jury. A trial court abuses its discretion when the imposition of unreasonable time limitations or limitations on the number of questions results in the loss of this fundamental right." O'Hara v. State, 642 So.2d 592, 593 (Fla. 4th DCA 1994). A trial judge has "considerable discretion in determining the extent of counsel's examination of prospective jurors." Miller v. State, 683 So.2d 600, 602 (Fla. 2d DCA 1996) (citing Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982)). However, "[a]lthough the trial judge certainly has the discretion to limit repetitive and argumentative voir dire, a trial judge must allow counsel the opportunity to ascertain latent or concealed pre-judgments by prospective jurors." Id.
In Miller v. State, 785 So.2d 662 (Fla. 3d DCA 2001), the trial court conducted an extensive voir dire examination of the jury panel. Id. at 663. The court allowed the prosecution to conduct its own lengthy questioning as well. In reversing Miller's conviction, the third district held that "the trial court cannot question prospective jurors on such crucial areas as the presumption of innocence, burden of proof and the right to silence, then prevent counsel from further individual examination under the guise that it would be repetitive." Id. The court stated that these restrictions "concern core issues to be decided by the jury." Id. at 664.
Miller also noted that the restrictions imposed on defense counsel's voir dire examination *543 in that case were "particularly troublesome because the same restrictions were not visited upon the prosecution." Id. at 663 n. 2. That was not the case here. Although the state was allowed to extensively question prospective jurors about their ability to impartially decide a case involving drugs and assess the credibility of police officers, when the state began to explain that "reasonable doubt" is not tantamount to "all doubt," the trial court sustained a defense objection and admonished the prosecutor to "stay away from that stuff."
The fact that the state may have been restricted in its voir dire examination on reasonable doubt does not alter the fact that appellant has suffered the loss of his fundamental right to probe into the jury's understanding of presumption of innocence and burden of proof principles. As suggested in Miller, a juror's response to a judge's question may be different than if asked by one of the attorneys to explain their belief. Id. at 664 (quoting Miller, 683 So.2d at 602); see also Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989)(noting that the court had "no doubt that a juror who is being asked leading questions is more likely to `please' the judge and give the rather obvious answers indicated by the leading questions, and as such these responses alone must never be determinative"). We thus find that it was an abuse of discretion to preclude appellant from questioning prospective jurors regarding the presumption of innocence and burden of proof in this criminal case.
Appellant also contends that the trial court erred in instructing the jury on the resisting arrest without violence charge. Appellant made a timely, written request for a special jury instruction that read: "a person may lawfully resist an illegal arrest without using any force or violence." Instead of adopting this instruction, the court read the standard instruction as follows:
Before you can find the defendant guilty of resisting an officer without violence, the State has to prove the following three elements beyond a reasonable doubt. One, Gerald Campbell resisted, obstructed, opposed Detective Eugene Lewis. Two, at the time Detective Eugene Lewis was engaged in the lawful execution of a legal duty. Three, at the time, Detective Eugene Lewis was an officer of the Lauderhill Police Department. The Court now instructs you that every Lauderhill Police officer is an officer within the meaning of the law. The Court further instructs you that the arrest constitutes a lawful execution of a legal duty.

(Emphasis added).
Appellant argues that the trial court erred in failing to give his proposed instruction and in instructing the jury that the arrest was lawful, when appellant's defense to the charge was that the arrest was unlawful. Appellant's theory of defense was that he could lawfully run away from Detective Lewis because he did not know he was a police officer at the time of the arrest. At trial appellant claimed that he did not know the officers were police because they were dressed in black and had masks on their faces.
The decision of the trial court to give or withhold a proposed jury instruction is reviewed under an abuse of discretion standard. Langston v. State, 789 So.2d 1024, 1026 (Fla. 1st DCA 2001). Each party has the right to have the jury instructed "on the law applicable to the evidence under the issues presented" and the court's "mere failure to give a requested instruction, if erroneous, does not constitute per se reversible error." Id. (quoting Gallagher v. Fed. Ins. Co., 346 So.2d 95, 96-97 (Fla. 3d DCA 1977)). In Langston, *544 the first district reiterated the appropriate test for reviewing a trial court's denial of a proposed jury instruction:
The failure to give a requested jury instruction constitutes reversible error where the complaining party establishes that:
(1) The requested instruction accurately states the applicable law,
(2) the facts in the case support giving the instruction, and
(3) the instruction was necessary to allow the jury to properly resolve all issues in the case.
Id. (citing to Davis v. Charter Mortgage Co., 385 So.2d 1173 (Fla. 4th DCA 1980)).
In the present case, while we do not conclude that the trial court abused its discretion in refusing to give the instruction as proposed by appellant, we agree that, because appellant maintained that the arrest was unlawful, he was entitled to a modified standard instruction clarifying that the legality of his arrest was an issue for the jury to decide. See State v. Anderson, 639 So.2d 609 (Fla.1994)(holding that where a defendant maintains that arrest was unlawful and requests that jury be instructed on defense of unlawful arrest, an instruction should be given to insure that jury understands that it must decide that issue); Hampton v. State, 733 So.2d 1137 (Fla. 4th DCA 1999). In Hampton, the defendant was convicted of resisting arrest without violence and possession of cocaine. The defendant raised the unlawfulness of his arrest as a defense to the charge of resisting arrest without violence and requested a special instruction relating to that defense. The trial court denied the request and, instead, instructed the jury that "the arrest and/or detention of a person constitutes the lawful execution of a legal duty." Id. at 1137. Following the reasoning in Anderson, we held that by leaving out the word "lawful" prior to the word "arrest," the trial court "failed to adequately clarify for the jury that the legality of the defendant's arrest was an issue for its determination." Id.
Similarly, in this case, the trial court left out "lawful" before "arrest" and did not clarify "that the arrest itself must first have been a lawful one." See id. As such, the instruction did not make it clear to the jury that it had to decide the issue of the lawfulness of the arrest. Like the defense in Hampton, appellant's defense was the unlawfulness of the arrest. At the very least, he was entitled to a modification of the standard instruction so that he could argue that the arrest was unlawful. Contrary to the state's argument that there was nothing in the record to support this defense, we note that defense counsel alluded to this theory of defense in his opening statement and cross-examined the officers about their attire and manner of exiting the van. See Cooper v. State, 742 So.2d 855 (Fla. 1st DCA 1999)(noting that had the defendant believed he was being detained by someone other than a police officer, he would have had the right to resist).
For the reasons stated above, we reverse appellant's convictions for sale or delivery of cocaine within 1000 feet of a school and resisting arrest without violence and remand for a new trial. Our reversal on the points discussed herein renders the remaining issues raised by appellant moot.
REVERSED and REMANDED.
SHAHOOD, J., and OWEN, WILLIAM C., Senior Judge, concur.