854 So.2d 834 (2003)
Katherine MACON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2587.
District Court of Appeal of Florida, Fifth District.
September 19, 2003.
*835 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Katherine Macon ["Macon"] appeals her conviction for resisting an officer without violence. Because the lower court erred in denying a requested jury instruction, we reverse.
During the charge conference, Macon requested an instruction on resisting an officer without violence as a lesser included offense. She also asked for an instruction that a defendant is allowed to resist an unlawful arrest without violence. The court refused to give the instruction, explaining, "I don't think this case is so complicated or unusual that there should be a special instruction." The jury was ultimately instructed that:
As to the lesser offense, before you can find the defendant guilty of resisting an officer without violence, the state must prove the following three elements beyond a reasonable doubt.
One, Katherine Macon resisted or obstructed Officer Dawn Harris; two, at the time, Officer Dawn Harris was engaged in the lawful execution of a legal duty; three, at the time, Dawn Harris was an officer.
The Court now instructs you that every Daytona Beach police officer is an officer within the meaning of this law. The Court further instructs you that making an arrest constitutes a lawful execution of a legal duty.

Macon was found guilty by the jury of the lesser included offense of resisting an officer without violence. She was sentenced to one year of probation, with the special condition that she complete anger *836 management and that she undergo a mental health evaluation and treatment if deemed necessary.
Macon contends that, because there was evidence that her conduct did not constitute disorderly conduct or a breach of the peace, the jury could have concluded that her arrest was illegal. She contends that the jury should have been instructed that she had the right to resist an illegal arrest without violence.
Where a defendant has been charged with resisting arrest without violence, and has raised the issue of the legality of his or her arrest, a defendant is entitled to an instruction that places the issue before the jury. State v. Anderson, 639 So.2d 609 (Fla.1994); Bratcher v. State, 727 So.2d 1114 (Fla. 5th DCA 1999). In Anderson, the court considered the propriety of the standard instruction on resisting an officer without violence, which includes the instruction that at the time of the offense the officer had to be "engaged in the lawful execution of a legal duty." In cases involving an arrest, the standard instruction contemplated a further instruction that "an arrest constitutes the lawful execution of a legal duty." The Anderson court agreed that the standard instruction was sufficient in most cases, but stated that "in those cases where the defendant maintains that the arrest was unlawful and requests that the jury be instructed on that defense, an instruction should be given to insure that the jury understands that it must decide the issue." Id. at 610.
In Campbell v. State, 812 So.2d 540 (Fla. 4th DCA 2002), the defendant requested an instruction that: "a person may lawfully resist an illegal arrest without using any force or violence." On appeal, the Fourth District found no abuse of discretion in the failure to give the particular instruction requested, but held that "because appellant maintained that the arrest was unlawful, he was entitled to a modified standard instruction clarifying that the legality of his arrest was an issue for the jury to decide." Id.
Similarly, in Bratcher, the defendant asked the court to instruct the jury as follows in a prosecution for resisting an officer without violence:
The Defendant has the right to resist without violence an officer who conducts an unlawful arrest, detention and or criminal investigation.
The Court further instructs you if the arrest of Nathaniel Bratcher is unlawful, the Defendant has the right to resist, obstruct or oppose without violence such unlawful arrest.
727 So.2d at 1117 (citation omitted.) In holding that it was error to refuse an instruction which raised the issue of the illegality of the arrest, this court stated:
The legality of the arrest is an element of the offense of resisting arrest without violence. State v. Espinosa, 686 So.2d 1345 (Fla.1996). In a jury trial, this is an issue for the jury to decide. In this case, unlike Anderson, the jury was not instructed as to the defendant's claim concerning the alleged unlawfulness of the detention and arrest so the jury could not have understood that this was an issue that it must decide. The proposed instruction may have been repetitious and portions may have been unnecessary but the gist of the instruction should have been given: the jury should have been instructed on the defense claim of an unlawful detention and arrest.
Id.
In this case, as in Campbell and Bratcher, the defendant was entitled to an instruction which placed the issue of the legality of her arrest before the jury. The instruction was supported by some evidence, *837 since both Macon and her boyfriend testified that she had done nothing illegal before her arrest.[1] Because the standard instruction did not adequately cover her theory of defense, which was that her arrest was illegal, we reverse and remand for a new trial.
REVERSED and REMANDED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] The First Amendment limits application of Florida's disorderly conduct statute (which includes a breach of the peace) to "fighting words" or "words like shouts of `fire' in a crowded theater." See State v. Saunders, 339 So.2d 641 (Fla.1976); Wiltzer v. State, 756 So.2d 1063 (Fla. 4th DCA 2000); § 877.03, Fla. Stat. (2001). Words alone generally will not support a conviction for disorderly conduct. See W.L. v. State, 769 So.2d 1132 (Fla. 3d DCA 2000)(First Amendment protected profanities and offensive speech that arrestee yelled at police officers when they asked for identification and, therefore, prohibited arrest and delinquency adjudication for disorderly conduct; the arrestee was doing nothing unlawful, never physically interfered with the police, and was punished for pure speech); L.A.T. v. State, 650 So.2d 214, 215 (Fla. 3d DCA 1995)(holding that defendant's shouting in a Publix supermarket "Is everybody watching this, police brutality ... Rodney King style" and screaming and cursing at the top of his lungs was insufficient to support a conviction for disorderly conduct).