858 So.2d 367 (2003)
Jerome BRANDFUL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3079.
District Court of Appeal of Florida, Third District.
November 5, 2003.
*368 John H. Lipinski, Hollywood, for appellant.
Charles J. Crist, Jr., Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
COPE, J.
Defendant-appellant Jerome Brandful appeals his convictions and sentences for resisting an officer without violence and disorderly conduct. He makes six claims on appeal. We find merit in one claim but affirm as to the remaining claims.
Defendant argues that he is entitled to a new sentencing proceeding in front of another judge because of vindictive sentencing. See Wilson v. State, 845 So.2d 142 (Fla.2003). The defendant's point is well taken.
The defendant was charged with resisting arrest with violence, battery on a police officer, and disorderly conduct. The defendant is a student at Florida International University (FIU). The charges arose from campus police officers' effort to remove the defendant from the FIU bookstore, arising out of the bookstore's refusal to repurchase the defendant's books.
When defendant appeared for arraignment, the State offered pretrial diversion. The trial court properly ascertained that the defendant understood the nature of the charges against him, the potential penalties, and the State's plea offer. The court afforded the defendant an opportunity to *369 talk to his attorney and consider the offer. Defendant rejected the offer.
At that point, under any reasonable reading of the colloquy, the trial court became an advocate for the plea offer. In explaining the ramifications of a rejection of the offer, the judge asked the defendant whether he thought a jury would "cut you a break after an officer says that you threatened to kick his ass, kicked chairs all around the room, and wrestled with all these guys, and resisted the arrest like that; you think they're going to cut you a break?"[1] The defendant again rejected the plea offer.
Several months later, at the defendant's next appearance in court, the State extended an offer of probation with a withholding of adjudication. The defendant again turned down the plea offer.
At trial, the jury acquitted the defendant of the charge of battery on a law enforcement officer. The jury rejected the charge of resisting an officer with violence, and convicted on the lesser included charge of resisting an officer without violence, a first degree misdemeanor. The jury convicted the defendant of disorderly conduct, a second degree misdemeanor.
The court sentenced the defendant to 364 days on the first degree misdemeanor, one day less than the legal maximum, and a consecutive 60 days on the second degree misdemeanor, the legal maximum. We conclude that under the circumstances of this case, several of the factors of Wilson v. State exist and a new sentencing hearing must be held before a different judge.[2]
In imposing the sentences, the trial court mentioned the fact that the defendant had turned down a favorable plea offer and had insisted on going to trial. Whereas the State had extended two plea offers which did not involve incarceration, the ultimate sentence was for incarceration at the legal maximum. The facts that unfolded at trial were not significantly different from those outlined in the arrest form, which the court was familiar with. The defendant does not have any prior convictions, and there is nothing apparent on the face of the record that would explain the reason for the increased sentence. See Wilson, 845 So.2d at 156.
We are confident that the trial court acted with good motive in pressing the defendant to reconsider the State's plea offers and, in effect, becoming an advocate for those offers. The court was confronted with a defendant who was a student with *370 little or no experience with the criminal justice system. The felony charges were very serious and the State's plea offers were quite reasonable. It is, however, settled under Wilson that insistence on going to trial cannot be held against the defendant in sentencing. See id. at 151. Under Wilson, there must be a new sentencing proceeding before a different judge.
As to defendant's remaining claims, we find no merit. Defendant claims error in the jury instruction on the charge of resisting arrest without violence. The defendant says that the instructions invaded the province of the jury but that is not so. The trial court properly interpreted and applied the standard jury instruction. See Wright v. State, 586 So.2d 1024 (Fla.1991); Starks v. State, 627 So.2d 1194 (Fla. 3d DCA 1993).
The trial court gave the standard jury instruction as follows:
Before you can find the defendant guilty of resisting an officer without violence as a lesser included offense of resisting an officer with violence, the State must prove the following three elements beyond a reasonable doubt.
One, Jerome Brandful resisted or obstructed or opposed Officer Ventrere and/or Officer Cox.
Number two, at the time Officer Ventrere and/or Officer Cox were engaged in the lawful execution of a legal duty.
Number three, Officer Ventrere and/or Officer Cox were officers.
The Court again instructs you that every FIU officer is an officer within the meaning of this law. The Court further instructs you that investigating a complaint constitutes a lawful execution of a legal duty.
TR. 116-17.
These instructions are entirely correct under Wright, Starks, and the Standard Jury Instruction. The court properly instructed, in generic terms, that an FIU police officer is a law enforcement officer, and that investigating a complaint constitutes the lawful execution of a legal duty. It then becomes a jury issue to determine whether Officers Ventrere and Cox are FIU police officers, and whether they were engaged in investigating a complaint at the time of the incident complained of.
Defendant cites Campbell v. State, 812 So.2d 540 (Fla. 4th DCA 2002) as authority for his claim but that case has no application here. The issue in Campbell was the denial of a requested special instruction. The Campbell decision does not address the issue now before us.[3]
Defendant next claims he is entitled to relief because of improper closing arguments by the state. The statements claimed by defendant to be improper on appeal were not objected to. Had they been objected to, the statements were fair comments on the evidence and did not amount to improper vouching.
Defendant argues that the evidence was legally insufficient on both convictions. We reject these arguments on authority of Wiltzer v. State, 756 So.2d 1063, 1065-1066 (Fla. 4th DCA 2000).
Finally, defendant claims the trial court erred in permitting the State to cross-examine the defendant concerning a pending civil lawsuit that the defendant had filed against another FIU officer. The trial court correctly overruled the objection. *371 The cross-examination was permissible to show bias. See Lombardi v. State, 358 So.2d 220, 221 (Fla. 1st DCA 1978); Charles W. Ehrhardt, Florida Evidence § 608.5, at 496 (2003).
Affirmed in part, reversed in part and remanded for a new sentencing hearing before a different judge.
NOTES
[1] The court also said that "once the state withdraws the offer then unless I feel in the mood, I don't need to offer anything to you and then you're just stuck going to trial."
[2] The Wilson opinion provides, in part:

Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of [State v.] Warner, [762 So.2d 507 (Fla.2000) ]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
Id. at 156 (footnotes and citation omitted).
[3] Although not raised as an issue in Campbell, it would appear that the trial court in Campbell should not have said "the arrest constitutes a lawful execution of a legal duty," id. at 543, and instead should have said "an arrest constitutes a lawful execution of a legal duty."