FULMER, Judge.
C.H.C. challenges his delinquency adjudication for obstructing or opposing an officer without violence, a violation of section 843.02, Florida Statutes (2006). We reverse the adjudication because the State’s evidence fell short of establishing that the deputy was engaged in the lawful execution of any legal duty when he attempted to detain C.H.C.
Deputy Patrick Cole was the only witness to testify at the adjudicatory hearing. While driving in his patrol car on December 21, 2006, at approximately 2:30 p.m., he heard a call go out for a disturbance in the area. He was not dispatched on it, but after a few minutes, one of the deputies at the scene asked for backup. Deputy Cole headed to the area. When he arrived at the scene, he saw his corporal walking down a flight of stairs, surrounded by a large group of people. He asked his corporal, ‘What do you want me to do?” Deputy Cole was directed to detain C.H.C. Deputy Cole then observed C.H.C., who “was walking in a circle clinching his fists and yelling profanities].” The deputy did not know exactly what C.H.C. was saying. The deputy described C.H.C. as “screaming and yelling at the ... deputies on [the] scene.” When Deputy Cole approached C.H.C., they made eye contact, and the deputy said, “Come over here.” C.H.C. ran from the area. The deputy yelled, “Police, stop,” but C.H.C. continued to run. The deputy chased C.H.C., but lost visual contact. Deputy Cole placed a radio alert. Other deputies then found C.H.C. and detained him.
The crime of obstructing or opposing an officer without violence requires a showing that the officer was engaged in the lawful execution of any legal duty. § 843.02; Davis v. State, 973 So.2d 1277, 1279 (Fla. 2d DCA 2008); E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003) *1147 (“[T]he State had to establish that ... the officers were engaged in the lawful execution of a legal duty and [the child’s] actions amounted to obstruction or resistance of that lawful duty.”). “In cases involving an investigatory detention, it is necessary for the State to prove that the officer had a reasonable suspicion of criminal activity that would support the detention.” Davis, 973 So.2d at 1279 (citing Tillman v. State, 934 So.2d 1263, 1271 (Fla.2006)); see also E.A.B., 851 So.2d at 311 (“The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrantless arrest.”). Thus, the State was required to establish that Deputy Cole would have been justified in detaining C.H.C. based on a founded suspicion that C.H.C. was engaged in criminal activity.
The State did not show that Deputy Cole had the necessary reasonable suspicion of criminal activity. First, the conduct attributed to C.H.C. before he fled does not constitute “disorderly conduct” because the deputy did not indicate that C.H.C. was inciting an immediate breach of the peace. See W.L. v. State, 769 So.2d 1132 (Fla. 3d DCA 2000) (reversing finding of delinquency for disorderly conduct where the child, who was standing in a group of 15-20 people, yelled out a series of profanities at the police when officers approached him and demanded identification); L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995) (reversing finding of delinquency for disorderly conduct where the child had yelled and screamed obscenities at police, while a crowd gathered to watch); cf. C.L.B. v. State, 689 So.2d 1171 (Fla. 2d DCA 1997) (affirming finding of delinquency for disorderly conduct where the child’s nonverbal acts in combination with his speech disturbed or interfered with an arrest). Further, the State cannot rely on the “fellow officer rule” as justification for the detention because there is no record evidence that another officer on the scene had the reasonable suspicion necessary to justify the detention. See J.P. v. State, 855 So.2d 1262, 1263 (Fla. 4th DCA 2003).
Finally, C.H.C.’s flight from the scene cannot alone support the charge. Although flight in knowing defiance of a law enforcement officer’s order to stop can constitute a violation of section 843.02, the officer must be justified in ordering the detention based on founded suspicion that the defendant was engaged in criminal activity, see D.M. v. State, 681 So.2d 797 (Fla. 2d DCA 1996). As we just explained, there is no record evidence that any officer had the founded suspicion necessary to justify the detention. Also, the flight in this case occurred after the unlawful order to stop and not prior to a lawful order justified by Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).
Because the State failed to show that Deputy Cole was engaged in the lawful execution of a legal duty when he ordered C.H.C. to stop, we reverse and remand for entry of an order granting C.H.C.’s motion for judgment of dismissal.
Reversed and remanded with directions.
STRINGER and VILLANTI, JJ„ Concur.