MONACO, J.
The appellant, A.S.C. (aged 15), was chai'ged in a petition for delinquency with disorderly conduct in violation of section 877.03, Florida Statutes (2007), and with disruption or interference with the lawful administration of an educational institution in violation of section 877.13, Florida Statutes (2007). At the conclusion of the State’s case the defense moved for a judgment of dismissal based on the failure of the State to prove that the actions and words used by A.S.C. constituted a viola *1119 tion of section 877.03. The trial court denied the motion, and A.S.C. was found to have committed both of the charged delinquent acts at the conclusion of the adjudicatory hearing. We affirm without further comment the conviction of disruption or interference with an educational institution. We reverse, however, the conviction of disorderly conduct because of the absence of evidence that A.S.C. was trying to incite a crowd or that a crowd had gathered and presented a safety risk.
The specific issue before us is whether the trial court erred in denying the motion for judgment of dismissal. We review the denial of such a motion using a de novo standard. In doing so, we view the evidence in the light most favorable to the State. See J.A.S.R. v. State, 967 So.2d 1050 (Fla. 5th DCA 2007); A.P.R. v. State, 894 So.2d 282 (Fla. 5th DCA 2005).
Section 877.03 defines and proscribes disorderly conduct, as follows:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct shall be guilty of a misdemeanor of the second degree....
In State v. Saunders, 339 So.2d 641 (Fla.1976), the Florida Supreme Court construed this statute narrowly so that it could withstand constitutional challenge. See Miller v. State, 667 So.2d 325 (Fla. 1st DCA 1995). Section 877.03 was limited by the high court so that it applies only to words which by their very utterance inflict injury or tend to incite an immediate breach of the peace. In addition, it applies to words, known to be false, reporting some physical hazard in circumstances where such a report would create a clear and present danger of bodily harm to others. In brief, the statute was read to prohibit “fighting words” or shouting “fire” in a crowded theater. “Fighting words,” according to the United States Supreme Court, are those likely to cause an average person to whom they are addressed to fight. See Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).
More importantly, for purposes of the present case, the courts of Florida have consistently held that unenhanced speech alone will not support a conviction for disorderly conduct. See, e.g., Barry v. State, 934 So.2d 656, 658 (Fla. 2d DCA 2006); Macon v. State, 854 So.2d 834, 837 n. 1 (Fla. 5th DCA 2003). Apropos to the case before us, our sister court in the First District held in Miller, 667 So.2d at 328, as follows:
Although appellant’s voice was loud and his language may have been offensive, there is nothing in the record to indicate that his conduct incited others to breach the peace or posed an imminent danger to others. Pursuant to Saunders and its progeny, to constitute a violation of section 877.03, there must be evidence of something more than loud or profane language or a belligerent attitude.
In the present case A.S.C. may have been loud, and she may have been profane, but the record, viewed de novo, is devoid of evidence that her words either incited or were even intended to incite others to breach the peace, or posed an imminent danger to others. We conclude, therefore, that the trial court should have granted A.S.C.’s motion for judgment of dismissal with respect to the disorderly conduct charge. Accordingly, we affirm the judgment and sentence with respect to the charge of disrupting an educational institution, but reverse as to the charge of *1120 disorderly conduct, and vacate the judgment and sentence as to that charge. We remand for a new disposition hearing.
AFFIRMED in part, REVERSED in part, and REMANDED.
PALMER, C.J. and LAWSON, J., concur.