NORTHCUTT, Judge.
C.N., a juvenile, was charged with disorderly conduct, § 877.08, Fla. Stat. (2008), and resisting an officer without violence, § 843.02, Fla. Stat. (2008). The circuit court held a delinquency hearing and found that she had committed the offenses. It withheld adjudication of delinquency but placed C.N. on probation. We agree with C.N. that her actions did not constitute disorderly conduct. Furthermore, because the police officer who arrested her did not have a reasonable suspicion that she was committing a crime, she did not commit the charge of resisting without violence. We therefore reverse the disposition order and the order placing C.N. on probation.
C.N. was in a crowd of teenagers that spilled into the streets around the Boys and Girls Club in Lakeland after a dance. The Lakeland Police Department received a number of complaints about noise, property ' damage, and fighting in the area. Officers were dispatched to break up the crowd. One officer testified that the situation was chaotic and that many of the teens were ignoring law enforcement’s orders. Several people were arrested and those arrests tended to calm the crowd. He said the police had been taught to look for instigators and to arrest them.
After the officer had been in the area for about an hour, he observed C.N. shouting and using foul language. He feared C.N.’s actions might instigate fights. According to his testimony, the officer instructed the teens in the vicinity to move along, but C.N. failed to do so and rolled her eyes. He told her to leave or he would arrest her. She did not move so the officer attempted to take her into custody for committing the crime of disorderly conduct. C.N. pulled away from his grasp and tightened her arms at her side, all the while continuing to curse. The officer was finally able to put her in a police cruiser and drive away from the crowd.
In order to prove disorderly conduct based on words alone, the State must show that the words either caused a crowd to gather, thereby resulting in safety concerns, or that the words incited a crowd to engage in an immediate breach of the peace. See C.H.C. v. State, 988 So.2d 1145, 1146-47 (Fla. 2d DCA 2008) (holding that screaming and yelling profanities at deputies, without inciting a breach of the peace, was not disorderly conduct); see also A.S.C. v. State, 14 So.3d 1118 (Fla. 5th DCA 2009) (stating that juvenile’s loudness and profanity was not disorderly conduct when no evidence showed that the juvenile was trying to incite a crowd or that she had caused a crowd to gather and present a safety risk); W.L. v. State, 769 So.2d 1132 (Fla. 3d DCA 2000) (noting that it was not disorderly conduct for a juvenile to stand in a crowd of 15-20 people, yelling profanities at the police).
The State maintains that C.N.’s language incited others to fight, thereby resulting in a breach of the peace. But the evidence it presented at the healing did not support that theory. The officer testified that no one was fighting in the area he was patrolling. In fact, he ventured that if he had seen a fight, he would not have been concentrating on C.N.’s activities. Additionally, the crowd had spontaneously come together after a party. No evidence suggested that C.N. instigated the gathering — the officer testified that he had been at the scene for at least an hour before he even noticed C.N. The evidence presented at the adjudicatory hearing was insufficient to support the circuit court’s *833 finding that C.N. engaged in disorderly conduct.
The State concedes that if we reverse on the disorderly conduct charge, we must reverse on the charge of resisting an officer without violence. We agree. To prove that crime, the State must show that the officer was engaged in the lawful performance of a legal duty. C.H.C., 988 So.2d at 1146. In cases involving a detention, the State is required to show that the officer had a reasonable suspicion that the detainee was committing a crime. Here, as in C.H.C., the acts resulting in C.N.’s detention did not constitute disorderly conduct, and therefore the officer did not have the requisite reasonable suspicion. That being the case, the officer was not performing a legal duty when he arrested C.N. without a warrant. See id.; E.A.B. v. State, 851 So.2d 308, 311 (Fla. 2d DCA 2003).
We reverse the disposition order and vacate the order of probation.
LaROSE and KHOUZAM, JJ., Concur.