KLINGENSMITH, J.,
dissenting.
I dissent from the majority’s opinion and would affirm the trial court’s order deny *1222 ing the motion for judgment of dismissal and ultimate finding of guilt.
Upon arriving at the scene, the officer testified that he “observed a large group of juveniles, about thirty juveniles, causing a disturbance across the street from the incident location.” While the juveniles as a group, including appellant, were “exhibiting hand gestures, aggressive behavior,” and were “screaming obscenities,” the testimony presented showed that appellant herself was doing more.
After the officer exited his vehicle, half of the juveniles fled in different directions, while the other half remained at the scene. They were told to sit on the ground while he conducted an investigation. This officer did not know if the juveniles were gang members, or whether any weapons were involved. All of the juveniles complied with the request to sit, except for appellant who refused several verbal requests to sit on the ground, stating she didn’t have to listen to the officer, and telling him to “go to hell.” When appellant began to walk away, the officer grabbed her left bicep in an attempt to sit her on the ground. She pushed the officer several times and attempted to punch him in the face. She was eventually placed into custody. Nowhere in the record was there any indication that appellant’s detention was in any way based on statements she made after the officer’s commands.
Based on his independent observation, the investigating officer could have reasonably suspected either a disturbance of the peace had occurred, as was argued in the trial court, or perhaps an assault. See §§ 784.011 & 877.03, Fla. Stat. (2013). Whether or not to bring charges were dependent upon the outcome of any investigation undertaken by the officer. Along with the officer’s observations of the group as a whole and appellant in particular, the officer had reasonable suspicion under the “totality of the circumstances” to believe that a crime was being committed, or about to be committed. Therefore he was engaged in the lawful execution of a legal duty when he detained appellant along with the group of juveniles to pursue an investigation.
The majority appears to conclude that the crime of “disorderly conduct” could not have occurred under these circumstances. However, disorderly conduct can be founded on words alone if the words either caused a crowd to gather, thereby resulting in safety concerns, or if the words incited a crowd to engage in an “immediate breach of the peace.” C.H.C. v. State, 988 So.2d 1145, 1146-47 (Fla. 2d DCA 2008); A.S.C. v. State, 14 So.3d 1118, 1119 (Fla. 5th DCA 2009). Although one officer testified that appellant was screaming and cursing across the street, that officer also testified that she was threatening people. The fact that he did not articulate the precise words used in these threats does not negate the fact that threats were made.
Although the majority states that the officer characterized appellant’s actions as “threatening,” they believe the transcript does not support this characterization. However, when the officer was asked if he saw appellant threatening anyone, he testified, “Actually, I did. She was one — She was involved.” He went on to testify that he saw her “scream” and “curse.” As a result, my colleagues in the majority interpret the officer’s testimony to mean that he did not see appellant do anything illegal or criminal apart from the screaming and cursing that was part of the disturbance. This testimony, as quoted in the majority opinion, was susceptible of differing interpretations. Neither party sought clarification from the officer about appellant’s precise conduct or words. However, his statements that she “screamed” and *1223 “cursed” could also be fairly interpreted as merely describing the manner and context in which the threats were delivered, rather than an attempt to define the threats themselves. What is certainly clear is that appellant’s statements were understood by the officer arriving on the scene as “threats,” thus prompting his intervention.
According to the case law relied on by the majority in reaching its decision, C.N. v. State, 49 So.3d 831, 832 (Fla. 2d DCA 2010), appellant’s role in instigating the gathering is a relevant factor to be considered in whether she breached the peace. The only way to make that .determination was by conducting an investigation. These observed threats had the potential of taking her conduct beyond mere words and obscenities and into the realm of unlawful conduct. “[Pjrotected speech can be rendered unprotected by a defendant’s additional physical actions.” Barry v. State, 934 So.2d 656, 658 (Fla. 2d DCA 2006).
Whether the facts as gathered would have been sufficient to secure a conviction on any charges is not the issue here. While the majority highlights the fact that another officer at the scene stated on cross-examination that he did not see appellant do anything illegal, this is not dis-positive of the matter — the other responding officer testified that he did see the appellant engaged in possible illegal conduct, thus creating an issue of fact properly resolved by the trial judge as factfinder. At the very least, the appellant’s observed actions were sufficient to reasonably allow the officer to conduct an investigation at the scene to determine the extent of appellant’s involvement, including whether she was involved in causing the crowd to gather, incited the crowd, or otherwise presented a safety risk. Taken in the light most favorable to the State, these acts were sufficient to conclude that the officer was performing a legal duty during this encounter.
In sum, the observed acts of appellant that resulted in her detention had the potential to meet the criteria for disorderly conduct. Therefore, the officer had the requisite reasonable suspicion to investigate, and was thus performing a legal duty when he sought to obtain appellant’s compliance with his instructions. See E.A.B. v. State, 851 So.2d 308, 311 (Fla. 2d DCA 2003). For these reasons, I would affirm.