CROSS, Judge.
Appellants-defendants, John L. Herman and James C. Causey, appeal a judgment of guilty and sentence for attempted breaking and entering of an automobile, possession of burglary tools and petit larceny. We reverse.
Appellants-defendants were charged by information with breaking and entering of an automobile, possession of burglary tools and petit larceny, to which they filed written pleas of not guilty. Appellants were tried together by jury. The jury found appellants guilty of all three charges. Appellants filed a motion for new trial, which was denied. The trial court entered judgments accordingly and sentenced appellants to terms of five years imprisonment for each count to run concurrently. It is from these judgments and sentences that appellants appeal.
During the trial of the cause, appellant James C. Causey took the stand in his own behalf. Upon cross examination appellant was asked had he ever been convicted of a crime. Appellant then asked the prosecutor what he was calling a crime. The prosecutor responded by asking appellant had he ever been convicted of stealing an automobile or breaking into an automobile, which appellant denied. The prosecutor further questioned appellant about committing crimes on specific dates in specific places. During this inquiry, the prosecutor elicited testimony that appellant had been convicted of using a car without permission in 1957,' transporting a stolen automobile in 1962, and a robbery in 1968. Objection to the prosecutor’s line of questioning raised by defense counsel was overruled by the trial court.
The sole point on appeal is whether the trial court erred in allowing the prosecutor to question Appellant-Causey on cross examination regarding the nature and occasion of specific prior alleged crimes.
The law is well settled that when a defendant testifies in his own behalf he may be asked if he has ever been convicted of a crime. Section 90.08, Florida Statutes 1975. If he admits such conviction, he may be asked how many times he has been convicted. If he denies the conviction, the opposing party may produce the record of conviction. In either event, the inquiry must stop at that point. The matter may not be pursued to the point of naming the crime. Whitehead v. State, 279 So.2d 99 (Fla.2d DCA 1973); Morton v. State, 205 So.2d 662 (Fla.2d DCA 1968); Mead v. State, 86 So.2d 773 (Fla.1956).
In the instant case, after appellant responded to the prosecutor’s question of whether he had been convicted of a crime by not appearing to know the meaning of a crime, the trial judge allowed the prosecutor to follow a procedure outside the rules and ask appellant if he had been convicted of particular crimes. Appellant denied the conviction and the prosecutor asked further improper questions as to a specific time and place. Even after appellant’s attempt to clarify his denial to earlier questions by confessing to using a car without permission, the prosecutor was not justified in *1012 pursuing the interrogation without supplying the court with documentation of appellant’s past convictions. Such an improper inquiry into specific crimes committed by a witness is so harmful as to be reversible error.
Accordingly, the judgments and sentences appealed herein are reversed, and the cause is remanded for a new trial.
Reversed and remanded.
DOWNEY, J., concurs.
MAGER, C. J., concurs specially.