544 So.2d 336 (1989)
Ronnie FERRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-977.
District Court of Appeal of Florida, First District.
June 13, 1989.
*337 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for the offenses of battery on a law enforcement officer and resisting an officer with violence. We find that the court's jury instructions should have included the lesser offenses of simple battery and resisting an officer without violence. We therefore reverse the orders appealed.
Appellant was an inmate at a county jail facility where a disturbance occurred which escalated into an altercation between correctional officers and numerous inmates. As a result of this incident appellant was charged with rioting, battery on a law enforcement officer, and resisting an officer with violence. At trial a correctional officer indicated that appellant was hollering and yelling in a manner which generally incited the other inmates and that when the officer approached appellant struck him in the mouth, whereupon the two engaged in a physical struggle which also involved another officer. Other correctional officers also testified that appellant was one of a small group inciting other inmates. One officer stated that she saw appellant "push or shove or hit" the officer with whom he engaged in the physical struggle. Appellant and another inmate denied that appellant was involved in this altercation or the general disturbance at the jail.
Appellant requested that the court instruct the jury as to the offenses of battery and resisting an officer without violence. The court noted that appellant had denied any involvement in the incident. Concluding that the state's evidence would not support these lesser offenses, the court declined to give the requested instructions. The jury was instructed as to rioting, battery on a law enforcement officer, and resisting an officer with violence, and returned verdicts finding appellant guilty of each of these offenses.
Battery is a necessarily lesser included offense of a charge of battery on a law enforcement officer. State v. Wimberly, 498 So.2d 929 (Fla. 1986). Even though the evidence clearly established that the alleged victim was a law enforcement officer, the court was required to give the requested instruction as to the lesser offense of battery so as to not deprive the jury of its pardon power. See Wimberly, supra.
Resisting an officer without violence is not a necessarily lesser included offense of resisting an officer with violence, but may become a lesser included depending upon the allegations of the charging document and the proof presented at trial. See Benjamin v. State, 462 So.2d 110 *338 (Fla. 5th DCA 1985). Where the charging document alleges the elements of the lesser crime, and evidence is presented which would support the lesser charge, the jury should be instructed as to the lesser offense. Benjamin, supra. In the present case appellant was charged with resisting an officer "by offering or doing violence ... by fighting... ." The evidence at trial included testimony that appellant verbally resisted the officers, and that he pushed one and tried to break loose from another by "thrashing." These descriptions of appellant's conduct could support the lesser charge of resisting an officer without violence, as could the allegations of the charging document. The court thus should have also instructed the jury as to the lesser offense of resisting without violence.
Appellant's convictions for battery on a law enforcement officer, and resisting an officer with violence, are reversed, and the cause is remanded.
ERVIN and BOOTH, JJ., concur.