569 So.2d 1327 (1990)
Gregory Joel TICE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00410.
District Court of Appeal of Florida, Second District.
November 9, 1990.
*1328 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Gregory Joel Tice appeals his conviction for resisting an officer with violence. We reverse the conviction because he did not receive his requested instruction on resisting an officer without violence, which is the next lesser-included offense under the evidence in this case.
On July 9, 1987, Mr. Tice and his wife had an argument while they were at the home of Mr. Tice's mother in Eloise, Florida. Mrs. Tice returned to the couple's home in Eagle Lake, Florida, leaving the couple's two young children with Mr. Tice. When she arrived home, Mrs. Tice called a counselor for HRS and told the counselor that the children were without food.
The HRS counselor and a deputy sheriff went to the house in Eloise to check on the children. The testimony concerning the events at the house that evening includes at least two sharply contrasting versions. All parties agree that a backup deputy subsequently arrived at the scene. The deputies basically testified that Mr. Tice attacked the backup deputy as the backup deputy was helping the HRS counselor take custody of the children. Mr. Tice testified that the backup deputy attacked him when he merely approached his baby and the HRS counselor.
Mr. Tice was arrested and charged with battery of a law enforcement officer. §§ 784.03, .07, Fla. Stat. (1985). He was also charged with resisting an officer in the lawful execution of a legal duty with violence. § 843.01, Fla. Stat. (1985). Both charges arose from the altercation with the backup deputy. At the conclusion of the evidence, defense counsel requested a jury instruction on resisting an officer without violence. § 843.02, Fla. Stat. (1985). The trial court did not give the instruction because the lesser-included offense was not a category one necessarily lesser-included offense. Defense counsel argued, without success, that the evidence supported the instruction as a category two lesser-included offense. Ultimately, the jury was instructed only on resisting an officer with violence and battery of a law enforcement officer. Interestingly, the jury returned a verdict of guilty on the resisting charge and not guilty on the battery charge.
Although resisting an officer without violence is not a necessarily lesser-included offense of resisting an officer with violence, it may become a lesser-included offense depending upon the allegations of the charging document and the proof presented at trial. Ferrell v. State, 544 So.2d 336 (Fla. 1st DCA 1989); Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985). The testimony of Mr. Tice, if accepted by the jury, would support a verdict of resisting without violence. Since the omitted offense is the next lesser crime, it was per se reversible error to omit the instruction. State v. Abreau, 363 So.2d 1063 (Fla. 1978). Because the jury found Mr. Tice innocent of battery, the omission of the requested instruction would constitute harmful error even if Mr. Tice were required to establish the harmfulness of the error.
We note that the trial court also denied an instruction concerning a defense based upon the alleged unlawfulness of the deputies' actions. The record contains an unresolved question concerning the authority of HRS and the deputies to remove the children from the home under the circumstances of this evening. The trial court *1329 determined that the deputies' actions in this case did not permit a defense to resisting an officer with violence. § 776.051, Fla. Stat. (1985). On remand, however, it is possible that any unlawfulness of the deputies' actions may constitute a defense to the lesser-included offense of resisting an officer without violence. See Marshall v. State, 354 So.2d 107 (Fla. 2d DCA), cert. denied, 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978).
Reversed and remanded.
RYDER, A.C.J., and PARKER, J., concur.