594 So.2d 832 (1992)
Ernest SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0639.
District Court of Appeal of Florida, Fourth District.
February 26, 1992.
Rehearing Denied April 1, 1992.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was found guilty of attempted robbery and resisting arrest without violence. The issue presented is whether the trial court erred in instructing the jury. We reverse.
The defendant was charged with resisting arrest with violence. Over defense objection,[1] the trial court gave the Florida Standard Jury Instruction on resisting arrest with violence which instructs the jury that "an arrest constitutes a lawful execution of a legal duty." The defendant argues that since the illegality of an arrest is a valid defense to resisting arrest without violence, the crime he was convicted of, the foregoing instruction amounts to a directed verdict because it effectively removed the issue of the legality of the arrest from the jury's consideration.
The state argues that the question of whether the defendant was legally arrested is irrelevant, notwithstanding his conviction on resisting without violence, because the illegality of an arrest is never a defense to resisting arrest with violence, the crime for which the defendant was charged. Frankly, this argument appeals to us, but the result is foregone by reason of two cases, cited by neither the state nor the public defender, Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990) and Wimbley v. State, 567 So.2d 560 (Fla. 4th DCA 1990). Both Dion and Wimbley are virtually indistinguishable from the matter before us and both squarely held that the trial judge had reversibly *833 erred by taking from the jury the question of the validity of the arrests.
We are not unaware of an even more recent case out of this court which reached a contrary result and distinguished Dion and Wimbley. See Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991). Suffice it to say, we cannot distinguish them from the case sub judice and this cause is reversed.
REVERSED.
GLICKSTEIN, C.J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I do not believe the alleged error was preserved by a proper objection in the trial court.
NOTES
[1] The objection was not a model of clarity, but we deem it sufficient.