604 So.2d 1291 (1992)
Diane McBRIDE, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-666.
District Court of Appeal of Florida, Third District.
September 15, 1992.
*1292 Friend, Fleck & Gettis, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
We reject both points raised in this appeal from a conviction for resisting arrest without violence. First, the trial court correctly granted the state's request to instruct the jury as to that crime as a permissive lesser included offense of resisting arrest with violence, which was alleged in the information. State v. Johnson, 601 So.2d 219 (Fla. 1992); Tice v. State, 569 So.2d 1327 (Fla. 2d DCA 1990).
Second, the court did not err in charging the jury, in accordance with Florida Standard Jury Instruction (Criminal) Resisting Officer Without Violence, and section 901.15, Florida Statutes (1991) that "an arrest and detention constitutes [the] lawful execution of a legal duty." [e.s.] This generic and perfectly correct statement of law did not involve the vice of case-specificity which was involved in Wimbley v. State, 567 So.2d 560, 561 (Fla. 4th DCA 1990), in which the court stated that "the police were in lawful execution of a legal duty at the time the alleged offenses took place" [e.s.], and Dion v. State, 564 So.2d 618, 618 (Fla. 4th DCA 1990), where the jury was told that "the police officer was acting lawfully when he arrested appellant." [e.s.] See also Kirschenbaum v. State, 592 So.2d 1272 (Fla. 3d DCA 1992). On this basis, we follow Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991), which is directly on point, and, for the same reason, disagree with Scott v. State, 594 So.2d 832 (Fla. 4th DCA 1992).[1] The distinction drawn by Judge Warner in Stayer, which was professedly unfathomable to the distinguished author of Scott, seems quite obvious to us. Moreover, McBride did not object and indeed appears to have agreed to the substance of the instruction below. See Squires v. State, 450 So.2d 208 (Fla. 1984).
Affirmed.
NOTES
[1] There appears to be no authority for Scott's departure from the earlier panel decision in Stayer without the intervention of an en banc court. See In Re Rule 9.331, 416 So.2d 1127 (Fla. 1982).