PER CURIAM.
David Allen Shiver appeals a final order denying his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 as to each of the five grounds for relief raised therein. We af *56 firm the order in all respects except one. Issue two of ground one alleges that Appellant’s trial counsel was ineffective because she failed to examine Detective Dean regarding injuries to Appellant on the night of the incident, and that this was critical because Appellant was relying on the theory of self-defense to the murder charge, the jury knew only that Appellant was hit twice by the victim, the jury never heard a confirmed statement of the actual injuries Appellant sustained in the incident, and the Detective was the only witness who could confirm the nature of Appellant’s injuries. The trial court denied the motion as to this issue on the ground that: “In the overall context of the trial, this was certainly not a significant issue. The defendant points out that there was indeed testimony that the Defendant had been struck by the victim.” No part of the trial transcript supporting this conclusion was attached to the order; therefore, we are constrained to reverse as to that issue and remand with directions either to attach the portion of the files and record that conclusively shows that Appellant is entitled to no relief or to hold an evidentiary hearing on the matter. Fla. R.Crim.P. 3.850(d) (1993).
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
ZEHMER, WOLF and KAHN, JJ., concur.