FARMER, Judge.
Defendant was convicted of possession of cocaine and resisting arrest without violence. As to the resisting arrest charge the trial court instructed the jury merely that “effecting a lawful arrest constitutes lawful execution of a legal duty.” We reverse.
In Scott v. State, 594 So.2d 882 (Fla. 4th DCA 1992), we reversed a conviction for resisting without violence where the precise instruction given was “an arrest constitutes a lawful execution of a legal duty.” Here the same instruction was given but with the simple addition of the word “lawful” before the word “arrest.” Without an instruction defining “lawful,” the instruction in this case cannot be fairly distinguished from that given in Scott.
In any event the state makes no attempt to distinguish Scott on that basis, but instead merely argues that defendant failed to object to the proposed instruction at the charge conference and thereby preserve any error. We find from the record that defendant did indeed object to this very instruction, and thus the error was preserved.[1]
While we affirm on all other issues raised, we reverse the conviction for resisting arrest without violence and remand for a new trial on that charge.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL, C.J., and GUNTHER, J., concur.

. In reversing on this ground, we note that in McBride v. State, 604 So.2d 1291 (Fla. 3d DCA 1992), the court expressed conflict with out decision in Scott. In McBride, the instruction given was "an arrest and detention constitutes [the] lawful execution of a legal duty.” We could not distinguish the Scott instruction from McBride either. To the extent that the instruction in the case we review today is indistinguishable from Scott, we certify conflict with McBride.