639 So.2d 609 (1994)
STATE of Florida, Petitioner,
v.
Johnnie ANDERSON, Respondent.
No. 83009.
Supreme Court of Florida.
June 30, 1994.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., Bureau Chief, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
We have for review Anderson v. State, 629 So.2d 960 (Fla. 4th DCA 1993), in which the *610 Fourth District Court of Appeal certified its decision as being in conflict with McBride v. State, 604 So.2d 1291 (Fla. 3d DCA 1992). We have jurisdiction[1] and quash the decision under review.
Johnnie Anderson was convicted of possession of cocaine and resisting arrest without violence. In connection with the resisting arrest charge, the defense took the position that there was insufficient evidence of a lawful arrest. The trial court refused to direct a verdict on the resisting arrest count but instead instructed the jury that "effecting a lawful arrest constitutes lawful execution of a legal duty." (Emphasis added). On appeal, the district court reversed the resisting arrest conviction. The court concluded that the modified standard instruction given in this case cannot be distinguished from the standard instruction that was found to have improperly taken the question of the validity of the defendant's arrest from the jury in Scott v. State, 594 So.2d 832 (Fla. 4th DCA 1992).
First, we agree with the State that the claim that served as the basis for reversal below was not presented to the trial court and thus was not properly preserved for appellate review. Craig v. State, 510 So.2d 857 (Fla. 1987) (legal grounds for objection to jury instruction must be specifically stated before jury retires for objection to be reviewable on appeal), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). During the charge conference, defense counsel did not argue that the proposed resisting arrest instruction would result in a directed verdict on the issue of the legality of the arrest. The only objection voiced by defense counsel was to the modification of the third paragraph of the standard instruction "Resisting Officer Without Violence" to include the word "lawful." Fla.Std. Jury Instr. (Crim.) 196. In fact, according to the transcript, defense counsel initially urged the trial court to give the standard instruction found wanting in Scott, without modification. Although the issue we are asked to address was not properly preserved, we reach the merits in order to resolve any conflict and because the result in this case would be no different than if the procedural bar was applied.
In Scott, which served as the basis for the decision below, the defendant was charged with resisting arrest with violence but was found guilty of the lesser included offense of resisting arrest without violence. On appeal, the Fourth District reversed the conviction because Scott's jury was instructed, in accordance with the standard jury instruction on resisting arrest, that "an arrest constitutes a lawful execution of a legal duty." The district court held it was error to give the standard instruction because it had the effect of taking from the jury the question of the validity of the arrest, which is a valid defense to the offense of resisting arrest without violence. 594 So.2d at 832.
In the conflict case, McBride, like Scott, was charged with resisting arrest with violence but was convicted of resisting arrest without violence. However, the Third District concluded that it was not error for the trial court to instruct the jury that "an arrest and detention constitutes [the] lawful execution of a legal duty." We agree with the Third District that the "generic and perfectly correct statement of the law" contained in the standard instruction on resisting an officer without violence is distinguishable from the "case-specific" instructions found improper in Wimbley v. State, 567 So.2d 560, 561 (Fla. 4th DCA 1990) ("the police were in lawful execution of a legal duty at the time the alleged offenses took place") and Dion v. State, 564 So.2d 618, 618 (Fla. 4th DCA 1990) ("the police officer was acting lawfully when he arrested [the defendant]"). 604 So.2d at 1292. Thus, we hold that the standard instruction does not take the issue of the lawfulness of the arrest from the jury. However, in those cases where the defendant maintains that the arrest was unlawful and requests that the jury be instructed on that defense, an instruction should be given to insure that the jury understands that it must decide the issue. Although no such instruction was requested here, the addition of the word "lawful" to the standard instruction served to clarify that the legality of the *611 arrest was an issue for the jury and certainly did not affect the defense's ability to argue that the arrest was unlawful.
Accordingly, we approve McBride to the extent it is consistent with this opinion. However, we disapprove Scott, quash the decision under review, and remand for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.