650 So.2d 127 (1995)
Timothy KYLE, a/k/a Cecil German, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3607.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
Rehearing, Clarification and Certification of Conflict Denied February 23, 1995.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
We reverse appellant's convictions for strong-arm robbery and resisting arrest without violence because the prosecutor brought out that he had previously pled guilty to battery on a law enforcement officer.
After being observed by officers who had been called to the scene of the crime, appellant first ran, but was eventually apprehended. When questioned about his flight on cross-examination, appellant said that he had "been jumped on by the police before." The prosecutor then asked him whether he had a felony conviction for battery on a law enforcement officer as a result of a guilty plea. The prosecutor followed this with "you did time for that right?".
In Herman v. State, 341 So.2d 1010, 1011 (Fla. 4th DCA 1977), we said:
The law is well settled that when a defendant testifies in his own behalf he may be asked if he has ever been convicted of a crime [citation omitted]. If he admits such conviction, he may be asked how many times he has been convicted. If he denies the conviction, the opposing party may produce the record of the conviction. In either event, the inquiry must stop at that point. The matter may not be pursued to the point of naming the crime. Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973); Morton v. State, 205 So.2d 662 (Fla. 2d DCA 1968); Mead v. State, 86 So.2d 773 (Fla. 1956). (Emphasis added).
*128 See also Bobb v. State, 647 So.2d 881 (Fla. 4th DCA 1994).
In the present case, the trial court permitted the prosecutor's inquiry because he concluded that appellant had opened the door to it. We cannot agree. While appellant's statement that he had been "jumped on by police before" may have opened the door slightly, it could not possibly have opened it wide enough to allow in the state's naming the crime and pointing out that appellant had been incarcerated for it, nor does the state cite any authority for such a proposition.
The court also erred in giving the following jury instruction on the charge of resisting arrest:
Officer Robert Bart is a law enforcement officer within the meaning of the law. And the Court further instructs you that the arrest and detention of Cecil German constitutes the lawful execution of a legal duty.
While it is not an error for a trial court to instruct a jury that "an arrest and detention constitutes the lawful execution of a legal duty," it is error to give the instruction in a case-specific manner, as it was given here, because the instruction in effect takes from the jury the issue of the validity of the arrest. State v. Anderson, 639 So.2d 609 (Fla. 1994) (approving Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990), and disapproving Scott v. State, 594 So.2d 832 (Fla. 4th DCA 1992)). Although appellant did not object to the instruction, and an objection is necessary to preserve the error, Anderson, we mention it here so that the instruction will not be given again on retrial.
Reversed.
HERSEY and GLICKSTEIN, JJ., concur.