MICKLE, Judge.
James H. Williams appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand.
Williams was convicted after a trial by jury of one count of resisting an officer without violence and four counts of battery on a correctional officer. This court affirmed the convictions and sentences. Williams v. State, 572 So.2d 914 (Fla. 1st DCA 1990).
In his post-conviction motion, Williams alleges four instances of ineffective assistance of counsel. First, Williams maintains that defense counsel failed to interview fellow inmate and eyewitness David Wyrick, who would have testified that Williams was sprayed with mace and attacked by correctional officers before he used any force in return. This allegation is facially sufficient to warrant attachment of those portions of the record conclusively showing no entitlement to relief, or, alternatively, an evidentia-ry hearing. See Shiver v. State, 616 So.2d 55 (Fla. 1st DCA 1993); Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989). In the order denying relief, the trial court attached the following documents: (1) an order for taking and payment of costs of depositions; (2) a motion to transport, naming three individuals, one being David Wyrick; (3) an order to transport, naming three individuals, one being David Wyrick; (4) a notice of taking deposition listing seven individuals, none of which is David Wyrick; and (5) a motion for taking and payment of costs of depositions, listing David Wyrick as an intended deponent. We are not satisfied that these documents adequately confirm whether defense counsel questioned Wyrick regarding the incident. Because the attachments do not conclusively refute Williams’ allegations, we are compelled to reverse for further proceedings on this claim.
Second, Williams asserts that defense counsel failed to request a jury instruction on the justifiable use of non-deadly force. It appears, on the record before us, that Williams was entitled to such a jury instruction. In denying relief, the trial court attached copies of the requested jury instructions. However, no portion of the attached instructions covers the issue of self-defense. We must reverse and remand for further proceedings on this claim.
*574 Next, Williams claims defense counsel was ineffective in failing to request an instruction on simple battery as a necessarily included offense of battery on a law enforcement officer. Simple battery is a necessarily included offense to a charge of battery on a law enforcement officer. Benton v. State, 650 So.2d 688 (Fla. 1st DCA 1995); Ferrell v. State, 544 So.2d 336 (Fla. 1st DCA 1989); State v. Wimberly, 498 So.2d 929 (Fla. 1986). A claim predicated on ineffective assistance of counsel for failure to request a jury instruction on a necessarily included offense is cognizable on collateral attack. See Kennedy v. State, 637 So.2d 987 (Fla. 1st DCA 1994); Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988). Herein, on the three counts of battery on a law enforcement officer, it does not appear from the record that the jury was instructed on the lesser offense of simple battery. The trial court’s order, and the attachments thereto, do not refute Williams’ allegation of ineffective assistance of counsel. Consequently, we reverse and remand on this claim as well.
Finally, Williams alleges that defense counsel was deficient in failing to request the trial court to take judicial notice of Rule 33-3.066(9), Florida Administrative Code, governing the use of mace by correctional officers. The attachments to the order denying relief reflect that defense counsel did request a jury instruction on this issue. On this basis, we affirm the denial of this claim.
In conclusion, we reverse the order denying relief on the first three claims of ineffective assistance of counsel and remand with directions either to attach portions of the record conclusively showing that Williams is entitled to no relief or to hold an evidentiary hearing on these matters. We affirm the trial court’s denial of the fourth claim of ineffective assistance of counsel.
AFFIRMED in part; REVERSED in part; REMANDED.
WEBSTER and VAN NORTWICK, JJ„ concur.