COPE, Judge.
David Samuel Crevitz appeals his conviction of resisting an officer with violence. We reverse.
The state charged defendant -with resisting an officer with violence, in violation of section 843.01, Florida Statutes (1993). At the charge conference, defendant requested a jury instruction on the lesser included offense of resisting an officer without violence. See § 843.02, Fla.Stat. (1993). The trial court consulted the Schedule of Lesser Included Offenses contained in the Florida Standard Jury Instructions in Criminal Cases. Finding no entry on the Schedule for the offense of resisting an officer with violence, the trial court concluded that resisting an officer without violence was not a lesser included offense. Consequently the trial court refused the defendant’s requested instruction.
The cases have described resisting an officer (or resisting arrest) without violence as being a permissive lesser included offense of resisting an officer (or resisting arrest) with violence. McBride v. State, 604 So.2d 1291, 1292 (Fla. 3d DCA 1992), approved in part, State v. Anderson, 639 So.2d 609 (Fla.1994)[1]; see also White v. State, 618 So.2d 354, 355 (Fla. 1st DCA 1993); Tice v. State, 569 So.2d 1327, 1328 (Fla. 2d DCA 1990); Ferrell v. State, 544 So.2d 336, 337 (Fla. 1st DCA 1989); Benjamin v. State, 462 So.2d 110, 111 (Fla. 5th DCA 1985).[2] Since in this case there was some evidence on which the jury could find that there was resistance of an officer without violence, the defendant’s requested jury instruction should have been given.[3]
In view of our ruling on the jury instruction issue, it is not necessary to reach the merits of the defendant’s claim that the trial court erred by overruling the defendant’s exercise of two peremptory challenges. Because the issue may recur at the new trial, we point out this court’s decisions in Portu v. State, 651 So.2d 791 (Fla. 3d DCA), review denied, 658 So.2d 992 (Fla.1995), and Betan-court v. State, 650 So.2d 1021 (Fla. 3d DCA), review denied, 659 So.2d 272 (Fla.1995), both of which were announced after the trial in this case. See also Holiday v. State, 665 So.2d 1089, 1091 (Fla. 3d DCA 1995), jurisdictional briefs filed, No. 87,318 (Fla. March 9,1996).
For the benefit of the parties we also point out “that in order to preserve a Neil[4] issue for review, it is necessary to call to the court’s attention before the jury is sworn, by renewed motion or by accepting the jury *170 subject to the earlier objection, the desire to preserve the issue.” Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993); see also Barwick v. State, 660 So.2d 685, 690 n. 10 (Fla. 1995), cert. denied, — U.S.—, 116 S.Ct. 823,133 L.Ed.2d 766 (1996).
Reversed and remanded for new trial.

. Anderson refers to the offense of resisting arrest without violence as being a lesser included offense of resisting arrest with violence. 639 So.2d at 610. Anderson did not specifically address the question of whether resisting an officer without violence is a permissive lesser included offense or a necessarily lesser included offense.

. The Fifth District Court of Appeal has recently certified the following question as one of great public importance: IS RESISTING AN OFFICER'WITHOUT VIOLENCE (Section 843.02) A LESSER INCLUDED OFFENSE OF RESISTING WITH VIOLENCE (Section 843.01)? Espinosa v. State, 668 So.2d 1116, 1118 (Fla. 5th DCA), review pending, No. 87, 633 (Fla. April 22, 1996); see also Foreshaw v. State, 639 So.2d 683, 684 (Fla. 5th DCA 1994). Compare Lee v. State, 368 So.2d 395, 396 n. 1 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 349 (Fla.1979) (suggesting that resisting an arrest without violence can be a permissive lesser included offense) with id. at 396-97 n. 1 (Schwartz, J., specially concurring) (suggesting that resisting an arrest without violence is a necessarily lesser included offense of the charge of resisting with violence).

. We would suggest that the Supreme Court Committee on Standard Jury Instructions in Criminal Cases consider proposing an appropriate amendment to the Schedule of Lesser Included Offenses to show that resisting an officer without violence is a lesser included offense of resisting an officer with violence.

. State v. Neil, 457 So.2d 481 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986), modified, State v. Johans, 613 So.2d 1319 (Fla. 1993).