861 So.2d 462 (2003)
Leonard PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2085.
District Court of Appeal of Florida, First District.
November 6, 2003.
*463 Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
Leonard Perry raises three issues concerning his conviction and sentence for resisting an officer with violence. One issue requires reversal: whether the trial court abused its discretion by deviating from the standard jury instruction and specifically instructing the jury that "arresting Leonard Perry on a warrant constitutes a lawful execution of a legal duty."
Two Jacksonville police officers testified that they made a traffic stop of a vehicle after observing that the vehicle had no lights on. After the driver exited the car, a struggle ensued, and the driver fled the scene. The police searched the vehicle and found rental paperwork in appellant's name in the glove compartment. Shortly thereafter, appellant appeared on the scene and inquired about the release of his car. The officers indicated that he may be able to get his car released if he could locate the driver. They allowed appellant to leave. While appellant was gone, the officers conducted a records check on appellant and discovered an outstanding warrant for him. When appellant returned, the officers advised appellant that he had an outstanding warrant and that they would arrest him. The officers testified that while one officer was handcuffing appellant, the other officer patted him down and discovered "a thick wad of money." Both officers testified that appellant became violent after the money was removed from appellant's pocket. According to the officers, appellant began punching and kicking and had to be wrestled to the ground. Part of the defense at trial was that the police were not arresting appellant, but rather they were taking out their frustration on appellant because the driver had escaped. The defense presented four witnesses who testified that appellant did not strike, punch, or kick the officers.[1]
To prove a violation of section 843.01, Resisting Officer with Violence to His or Her Person, the State was required to prove without a reasonable doubt three elements:
1. The defendant knowingly and willfully resisted, obstructed, and/or opposed an officer by offering to do violence or doing violence to the officer;
2. At the time the officer was engaged in the execution of legal process or lawful execution of a legal duty; and
3. At the time the officer was an officer as defined by statute. *464 Section 843.01, Fla. Stat. (2001)[2]; Fla. Std. Jury Instr. (Crim.) 21.1. (2001).
Regarding the second element, the standard jury instruction for Resisting Arrest with Violence states:
The court further instructs you that (read duty being performed from charge) constitutes [execution of legal process] [lawful execution of a legal duty]. In giving this instruction, refer only to the type of duty or legal process that was being performed, e.g., making an arrest, serving a subpoena, serving a domestic violence order. See Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992).
This instruction is valid as long as the jury understands that it must decide that the officers were in fact performing the duty described. See State v. Anderson, 639 So.2d 609 (Fla.1994). In Anderson, the supreme court held that when the defendant maintains that the arrest was unlawful and requests that the jury be instructed on that defense, "an instruction should be given to insure that the jury understands that it must decide the issue." Id. at 610.
Here, the jury was not allowed to determine whether the police were arresting appellant. Contrary to the last portion of the instruction regarding the description of only the legal process or duty being performed, the trial court instructed the jury in the following manner:
The court further instructs you that arresting Leonard Perry on a warrant constitutes a lawful execution of a legal duty.
Appellant argues that mentioning that the police were specifically arresting him necessitates a new trial, citing Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992).
In Hierro, although the charge was resisting arrest without violence pursuant to section 824.02, Florida Statutes, rather than with violence pursuant to section 843.01 as here, the court was faced with the same type of instruction. In reversing for new trial, the court in Hierro found that the trial court had erred by specifically referring to the defendant:
The court used the standard jury instruction for this offense. The court gave the final sentence of the Standard Jury Instruction as follows: "The court further instructs you that the arrest and/or a detention of the defendant constitutes a lawful execution of a legal duty." By stating that the arrest of this defendant constituted the lawful execution of a legal duty, the trial court in effect directed a verdict for the State on that point.
...
The Standard Jury Instruction calls for the court to describe the "duty being performed" in generic terms without making specific reference to the defendant. That then leaves for the jury the factual determination whether the legal duty was performed with respect to this particular defendant. By instructing in this case that "the arrest and/or a detention of the defendant constitutes a lawful execution of a legal duty" that issue was impermissibly taken from the jury.
Id. at 914-915 (citations omitted; emphasis in original).
*465 Similarly in Kyle v. State, 650 So.2d 127 (Fla. 4th DCA 1995), the trial court gave the following instruction on a resisting arrest charge: "And the court further instructs you that the arrest and detention of Cecil German [a/k/a Timothy Kyle] constitutes the lawful execution of a legal duty." Id. at 128. The appellate court noted, "[I]t is error to give the instruction in a case-specific manner, as it was given here, because the instruction in effect takes from the jury the issue of the validity of the arrest." Id.
The State argues that any error was harmless because section 776.051(1), Florida Statutes, makes it unlawful to resist an arrest with force even if the arrest is illegal.[3]See Nesmith v. State, 616 So.2d 170, 171-172 (Fla. 2d DCA 1993). Therefore, citing Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999), the State argues that it was not required to prove the second element and there was no harm in naming the defendant in the instruction regarding this element. In Taylor, however, the court did not address whether a trial court may deviate or eliminate the jury instruction regarding the element of "lawful execution of duty," but rather it addressed whether the appellant was entitled to use the illegality of the police action as a defense. Therefore, Taylor does not control as to the issue before us.[4]See also Perry v. State, 846 So.2d 584 (Fla. 4th DCA 2003) (affirming conviction, holding officers' improper strip search could not be defense to resisting with violence).
In cases of resisting arrest with violence the State need not prove the legality of an arrest, only that an arrest was in fact taking place. Here, there is an issue as to whether the officers were arresting appellant or acting in any legal capacity. In fact, this is one of the major arguments made by the defense. Although, as the State argues, it was unnecessary to prove that the officers were engaged in the performance of a lawful duty in arresting appellant, that argument begs the question of whether the officers were in fact arresting appellant at all. As in Hierro, the non-standard instruction takes the issue away from the jury.
We, therefore, reverse and remand for a new trial.
BROWNING and HAWKES, JJ., concur.
NOTES
[1] The jury acquitted appellant of two counts of battery against a police officer.
[2] 843.01. Resisting officer with violence to his or her person

Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] Section 776.051, Use of force in resisting or making an arrest; prohibition, states in relevant part "(1) A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer."
[4] In fact, in Taylor, this court found that the State had failed to prove that the officer who was allegedly attacked was engaged in the performance of a legal duty at the time of the alleged offense, thereby reconfirming that execution of a legal duty is still an element of the charge to be proven.