PER CURIAM.
Orett Kerr appeals his convictions and sentences. We affirm in part and reverse in part.
*1247 Kerr was charged by information with, inter alia, one count of attempted first degree murder of a law enforcement officer. He was convicted on that count, however, of the lesser included offense of aggravated assault on a law enforcement officer. On appeal, Kerr asserts that it was fundamental error for him to be convicted and sentenced for aggravated assault where the information failed to allege that the victim had a well-founded fear of imminent violence, a required element of aggravated assault. See §§ 784.011, .021, Fla. Stat. (2003). Although defendant is correct as to the information’s deficiency, his conviction and sentence for aggravated assault do not constitute fundamental error because it is lesser in degree and penalty from the charged offense of attempted first degree murder of a law enforcement officer. See Ray v. State, 403 So.2d 956, 961 (Fla.1981) (“it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense.... ”).
In the instant case, the offense charged in the information (i.e., attempted first degree murder of a law enforcement officer) is a first degree felony. § 782.04(l)(a), Fla. Stat. (2003). The offense for which Kerr was convicted and sentenced (i.e., aggravated assault) is a third degree felony, § 784.021(2), Fla. Stat. (2003), reclassified to a second degree felony because the victim is a law enforcement officer. § 784.07(2)(c), Fla. Stat. (2003). Moreover, the charged offense carried a greater penalty than the offense for which Kerr was convicted. Hence, although the charge on the lesser included offense should not have been given to the jury, we cannot conclude that it was fundamental error to do so in this case. Ray; Sanders v. State, 912 So.2d 1286 (Fla. 2d DCA 2005), review granted, 919 So.2d 436 (Fla.2006); James v. State, 845 So.2d 996 (Fla. 5th DCA 2003); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983) (en banc).
Defendant’s second issue asserts that the court erred when, in instructing the jury on the resisting an officer with violence charge, it included an instruction that defendant’s detention and arrest was a lawful execution of a legal duty. As the State properly conceded at argument, this was error. See Perry v. State, 861 So.2d 462 (Fla. 1st DCA 2003). We therefore reverse this conviction and remand for a new trial on this count.
Appellant’s remaining point lacks merit.
Affirmed in part; reversed in part.