970 So.2d 460 (2007)
Haywood L. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4500.
District Court of Appeal of Florida, First District.
December 12, 2007.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General; Thomas D. Winokur and Edward C. Hill, Jr., Assistant Attorneys General, Tallahassee, for Appellee.
THOMAS, J.
Appellant appeals his conviction for resisting an officer without violence, arguing that the trial court committed fundamental error by failing to sua sponte clarify the standard jury instruction given on resisting arrest without violence and also by failing to instruct the jury regarding the justifiable use of force. Because we find that any errors are unpreserved and do not constitute fundamental error, we affirm Appellant's conviction. We write only to address Appellant's initial argument.
At trial, Appellant argued that he did not know he was being arrested, therefore, he could not have resisted arrest. The trial court instructed the jurors, stating:
In count 2, to prove the crime of resisting an officer with violence, the State must prove the following elements beyond a reasonable doubt. One, Haywood L. Thomas knowingly and willfully resisted, obstructed or opposed William R. Brown, Travis Knight and/or Brandon Cutcliffe by offering to do violence to them or doing violence to them. Two, at the time William R. Brown, Travis Knight and/or Brandon Cutcliffe were engaged in the lawful execution of a legal duty. Three, at the time William R. Brown, Travis Knight and/or Brandon Cutcliffe were officers.
I now instruct you that every Leon County sheriff's deputy is an officer within the meaning of this law. I further instruct you that effecting an arrest constitutes a lawful execution of a legal duty.
The court also instructed the jury on the lesser-included offense of resisting an officer without violence, again stating, "I further instruct you that effecting an arrest constitutes lawful execution of a legal duty." Appellant did not request any special instructions and made no objection to the instructions as read. The jury found Appellant guilty of the lesser-included offense of resisting an officer without violence.
*462 We find that the court properly instructed the jury with the standard generic instruction on resisting an officer with and without violence.[1]See State v. Anderson, 639 So.2d 609 (Fla.1994) (holding that the standard instruction is proper and distinguishing it from an improper case-specific instruction which takes the issue of the lawfulness of the arrest from the jury). As the supreme court explained,
in those cases where the defendant maintains that the arrest was unlawful and requests that the jury be instructed on that defense, an instruction should be given to insure that the jury understands that it must decide the issue. Although no such instruction was requested here, the addition of the word "lawful" to the standard instruction served to clarify that the legality of the arrest was an issue for the jury and certainly did not affect the defense's ability to argue that the arrest was unlawful.
Id. at 610-11.
Because the lawfulness of his arrest was in dispute, had Appellant asked the court to either modify the standard instruction or give the same instruction as in Anderson, stating that "effecting a lawful arrest constitutes lawful execution of a legal duty," id. at 609, and the trial court refused, it would have committed reversible error. See Hampton v. State, 733 So.2d 1137 (Fla. 4th DCA 1999) (reversing the appellant's conviction for resisting arrest because the court erred in denying the appellant's request for a special jury instruction); Bratcher v. State, 727 So.2d 1114, 1117 (Fla. 5th DCA 1999) (same); Brannen v. State, 453 So.2d 428, 429 (Fla. 1st DCA 1984) (same).
Appellant never asked the trial court to give a special jury instruction, however, and made no objection to the instructions as read; therefore, the issue is not preserved for review. See State v. Delva, 575 So.2d 643, 644 (Fla.1991) (explaining that jury instructions are subject to the contemporaneous objection rule and will not be considered on appeal unless a timely objection was made below or the error constitutes fundamental error). Our sister courts have also concluded that an erroneous instruction regarding the resisting arrest instruction does not constitute fundamental error. See Kyle v. State, 650 So.2d 127, 128 (Fla. 4th DCA 1995) (reversing appellant's conviction for resisting arrest without violence on other grounds, but noting that while the trial court erred in giving a case-specific instruction rather than the generic instruction approved of in Anderson, appellant did not preserve the issue because he failed to object to the erroneous instruction); see also; McBride v. State, 604 So.2d 1291, 1292 (Fla. 3d DCA 1992) (holding that trial court did not err by giving standard instruction, noting that appellant did not object and appears to have agreed to substance of instruction given). In addition, the supreme court noted in Anderson that the appellant failed to preserve the issue, and addressed it only to resolve conflict. 639 So.2d at 610. We agree with these cases that a contemporaneous objection was required to preserve any objection to the trial court's failure to specify that the lawfulness of Appellant's arrest was an issue for the jury's determination. Thus, we affirm Appellant's conviction.
AFFIRMED.
VAN NORTWICK and LEWIS, JJ., concur.
NOTES
[1] Fla. Std. Jury Instr. (Crim.) 21.2 (2004).