DAMOORGIAN, J.
 

 David Scott Evans timely appeals his judgment and sentence for felony resisting with violence and battery on a law enforcement officer. We reverse, holding that the jury instruction stating that the trespass or narcotics investigation constituted the lawful execution of a legal duty impermis-sibly directed a verdict for the State. By failing to instruct the jury that the investigation must be “lawful” in order for it to find that the officer was executing a legal duty, the trial court took the issue away from the jury.
 

 Sergeant Baer, Officer Jozwick, and four other officers were driving in an unmarked vehicle when Sergeant Baer observed Evans in the parking lot of an open convenience store talking to another male, which he knew from past encounters. He noticed the other male had money in his
 
 *102
 
 hands and watched as Evans tossed an object into his month. Under the belief that he just witnessed a drug transaction and that the men were trespassing, Sergeant Baer decided to conduct an investigatory stop. The police vehicle then pulled up to the men, and Officer Jozwick exited the vehicle, signaling them to stop with his hand. Evans then grabbed officer Jozwiek’s thumb, and a struggle ensued. Following the incident, Evans was charged with felony resisting with violence and felony battery on a police officer.
 

 During trial, the court conducted a charge conference at which defense counsel requested that the jury be given the following instruction:
 

 “[I]f you find that the police officer had reasonable suspicion to detain you for a criminal investigation, then you should find that the officer was lawfully executing a legal duty. If you find that Officer Jozwick did not have reasonable suspicion to detain the defendant for a criminal investigation, then you should find that Officer Jozwick was not executing a lawful duty and thus you should find the defendant not guilty as to the crimes charged.”
 

 The State objected to the instruction, arguing that the jury instruction should state that the officer needed probable cause in order to have been executing a legal duty. The trial court denied defense counsel’s request, and instead, advised that it was going to give the following instruction: “[T]he Court further instructs you that conducting a trespass or narcotic investigation is a lawful execution of a legal duty.” In response, defense counsel asked that the word “lawful” be inserted before trespass, and the State agreed. The Court, however, over defense counsel’s objection, declined to change the instruction to include the word “lawful.” The instruction was subsequently submitted to the jury as proposed by the trial court. Evans now appeals, arguing that the trial court erred in giving the above mentioned instruction. We agree.
 

 To prove felony resisting with violence pursuant to section 843.01, Florida Statutes (2007), and felony battery on a law enforcement officer pursuant to 784.03 and 784.07, Florida Statutes (2007), the State must prove that the officer was lawfully executing a legal duty at the time of the incident. Accordingly, a jury instruction should not define the “lawful execution” element in a way that takes the issue from the jury.
 
 See State v. Anderson,
 
 639 So.2d 609, 610 (Fla.1994). A jury instruction is valid “as long as the jury understands that it must decide that the officers were in fact performing the duty described.”
 
 Perry v. State,
 
 861 So.2d 462, 464 (Fla. 1st DCA 2003) (citing
 
 Anderson,
 
 639 So.2d at 610). In
 
 Anderson,
 
 the Florida Supreme Court held that “in those cases where the defendant maintains that the arrest was unlawful and requests that the jury be instructed on that defense, an instruction should be given to insure that the jury understands that it must decide the issue.” 639 So.2d at 610.
 

 The jury instruction in this case was improper because it did not convey to the jury that it was to determine whether the trespass or narcotic investigation was lawful. Although defense counsel did not maintain that the arrest was unlawful, it did assert that the stop was unlawful and thus, the instruction should have made clear that the jury was to decide this issue.
 
 See id.
 
 By inserting the word “lawful” before “trespass” in the jury instruction, the instruction would have conveyed to the jury that it needed to determine that the investigation was lawful before it could find that officer Jozwick was executing a legal duty.
 
 See Campbell v. State,
 
 812 So.2d 540, 544 (Fla. 4th DCA 2002) (hold
 
 *103
 
 ing that by omitting the word “lawful” before “arrest,” the jury instruction failed to clarify that the “arrest itself must have first been lawful”). Accordingly, the trial court’s failure to give the requested jury instruction constituted error.
 

 We also conclude that the error in this case is reversible. Although not all erroneous failures to give a jury instruction constitute reversible error, the failure to give the requested instruction does constitute reversible error when it is established that: “(1) [t]he requested instruction accurately states the applicable law, (2) the facts in the case support giving the instruction, and (3) the instruction was necessary to allow the jury to properly resolve all issues in the case.”
 
 Campbell,
 
 812 So.2d at 544 (citing
 
 Langston v. State,
 
 789 So.2d 1024, 1026 (Fla. 1st DCA 2001)). Here, the requested jury instruction correctly stated the applicable law, the facts supported giving the instruction because the lawfulness of the stop was a central issue in the case, and it was necessary to convey to the jury that it must decide that issue. Because each of the elements was established, the trial court’s failure to give the requested instruction constituted reversible error.
 
 Id.
 

 Reversed.
 

 WARNER and STEVENSON, JJ., concur.