TORPY, J.
 

 In this resisting an officer case, Appellant challenges the denial of a special instruction regarding the lawfulness of his police detention. Appellant also challenges his convictions for resisting with and without violence on double jeopardy grounds. We affirm on the jury instruction issue, but reverse the conviction for resisting without violence, concluding that it is a double jeopardy violation.
 

 The jury was given the standard instructions then in existence on resisting an officer with and without violence and battery on an officer.
 
 [1]
 
 Included within each standard instruction was the language that the State is required to prove that the officer was “engaged in the lawful execution of a legal duty.”
 
 See
 
 Fla. Std. Jury Instr. (Crim) 8.11, 21.1, 21.2 (2008). Additionally, the court instructed the jury that “investigating and issuing a trespass constitutes the lawful execution of a legal duty.” Appellant does not contend that these instructions were incorrect statements of the applicable law. Rather, Appellant challenges the denial of his proposed, special instruction that:
 

 The Defendant has the right to resist without violence an officer who conducts an unlawful arrest, detention and or [sic] criminal investigation.
 

 The Court further instructs that if the arrest of Huran Brown is unlawful, the Defendant has the right to resist, obstruct or oppose without violence such unlawful arrest.
 

 We conclude that it was not an abuse of discretion to refuse to give this instruction. In reaching this conclusion, we acknowledge that there exists some confusion in the decisional law, necessitating that we expound upon our holding.
 

 These cases are made complicated by the fact that “lawfulness” of the police behavior is an element of the crimes under some circumstances.
 
 [2]
 
 Issues of lawfulness may be mixed questions of fact and law or pure questions of law. Even when
 
 *829
 
 they are pure questions of law, however, the ultimate determination of whether the element is proven is for the jury, not because the jury determines questions of law but because the jury has the ultimate responsibility to apply the facts to the law in a criminal case, even when the facts are not in dispute. As one court succinctly put it:
 

 Unlike in a civil case, the trial court in a criminal case may not direct a verdict for the State on an essential element, no matter how compelling the evidence. This is because “[ajlthough a jury has a duty to convict when the evidence proves guilt beyond a reasonable doubt, its duty is distinct from its power, and a jury has the power to acquit the defendant even if its verdict is contrary to the law and the evidence.”
 

 Green v. State,
 
 240 Ga.App. 774, 525 S.E.2d 154, 157 (1999) (footnotes omitted) (quoting
 
 Johnson v. State,
 
 223 Ga.App. 294, 477 S.E.2d 439, 440, (1996))
 
 [3]
 
 . Although the trial court should not usurp the jury’s power to acquit, it is not obligated to encourage its use or even advise the jury that it has the power.
 
 [4]
 
 In fact, the instructions to the jury should be quite to the contrary. Standard instructions properly advise juries that the judge determines what law applies, and they are duty-bound to follow the law, even if they do not like it. For example, Florida Standard Jury Instruction (Criminal) 2.1 advises:
 

 It is the judge’s responsibility to decide which laws apply to this case and to explain those laws to you. It is your responsibility to decide what the facts of this case may be, and to apply the law to those facts. Thus, the province of the jury and the province of the court are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.
 

 Likewise, Florida Standard Jury Instruction (Criminal) 3.13 advises:
 

 In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.
 

 (Emphasis supplied).
 

 The responsibility of the lawyers and the trial judge is to properly instruct the jury on the applicable law so that the jury can decide the issue with the proper legal guidance. Telling the jury that it must determine the “lawfulness” or “unlawfulness” of the police behavior, without more, as was proposed here, does nothing to further the ends of justice. Unfortunately, there is no standard instruction appropriate to all circumstances so courts have struggled with these instructions. The court must avoid an instruction that is
 
 *830
 
 tantamount to directing a verdict on the issue, but the court should decide all applicable issues of law and properly instruct the jury so that it can decide disputed issues of fact and apply the facts to the law. Stated another way, the jury should be charged in accordance with its duty without interfering with its power.
 

 By way of example, if, in a hypothetical case, a police officer approaches a car parked on a public street and smells burning marijuana emanating from the vehicle, but encounters non-forcible resistance during a search, then two possible instructions might be given, depending upon whether facts are in dispute. If there is no factual dispute regarding whether the officer actually smelled marijuana, the standard instruction, including a statement that “the search of a car is the lawful execution of a legal duty,” is appropriate.
 
 [5]
 
 If there is a dispute in the evidence concerning whether the officer actually smelled marijuana, the instruction may be modified as follows: “the search of a car is the lawful execution of a legal duty if a police officer smells marijuana coming from the vehicle prior to conducting the search.” Lawyers may then argue the factual dispute to the jury using the legal framework contained within the instruction. Importantly, under this hypothetical, it is not the jury’s function to determine if the smell of marijuana gives rise to probable cause to search; that is a question of law for the judge to decide.
 
 City of Pensacola v. Owens,
 
 369 So.2d 328 (Fla.1979) (application of probable cause standard to facts is question of law for court).
 
 [6]
 

 When the lawfulness of police behavior involves the consideration of several disputed facts, the construction of a proper instruction might be more cumbersome, but that does not justify the use of an instruction that is incomplete or inaccurate, or which shifts to the jury the responsibility to decide legal issues. It would be inappropriate, for example, to give the jury a definition of “reasonable suspicion” and tell it to decide if police officers had reasonable suspicion in a given case, or to ask the jury to determine whether the “community caretaker doctrine” or “fresh pursuit doctrine” applies to a given set of facts. The approach in any case should be to first determine the material facts that bear on the lawfulness of the police action. If those facts are not in dispute, and the trial judge determines that such facts legally authorize the police action under the applicable legal standard, then a simple instruction like the one used in this case is appropriate. If, however, material facts that bear on the lawfulness of the police action are in dispute, then the trial court must charge the jury in such a manner that it may determine the facts and apply them to the law as we have illustrated. The instruction must be stated in the abstract to avoid the usurpation of the jury’s authority to make the final call.
 

 The principles that we have addressed here apply equally to the statutory element that the victim is an “officer,” as defined by law.
 
 See
 
 § 843.01, Fla. Stat. (2008). The statutory definition is quite
 
 *831
 
 involved.
 
 [7]
 
 Even though this is an element, just as “lawfulness,” whether a particular officer is an officer as defined in the statute is a question of law.
 
 [8]
 
 It would be inappropriate for the judge to simply throw the statutory definition of “officer” at the jury. It would be worse yet for the judge to instruct the jury to decide the issue without any legal framework, just as the defense proposed to do here on the far more complex issue of “lawfulness.” Nor should the judge grant a directed verdict on the issue by saying that a particular named officer is an officer as defined. Instead, the judge should give an abstract instruction on the law as it relates to this element, just as the standard instruction provides. For example: “Every officer of the Florida Highway Patrol is an officer within the meaning of the law.” True, under this instruction, the jury would be duty-bound to render a verdict for the state on this element — not because the judge has directed a verdict, but because the judge has correctly instructed on the law as it relates to the facts, and the jury is bound to follow the law. Its power to apply the facts to the law, however, remains unimpeded under this example.
 

 The current versions of the standard instructions for resisting with and without violence retain the directive that the trial court instruct on this element as a matter of law but no longer contain a standard instruction for the “lawfulness” element. Instead, the resisting with violence instruction contains a note suggesting that a special instruction be given when the issue of “lawfulness” is raised by the defense. Curiously, the resisting without violence instruction does not contain a similar note. Unfortunately, this revision raises more questions than it provides answers. We think the prior version of the instruction, when properly used, was perfectly fine in most circumstances. “Lawfulness” is an element of proof, except when section 776.051(1) applies. The jury must decide disputed, material issues of fact that bear on the element and apply the law to the facts. The judge tells them what the law is.
 

 In holding as we have, we have not overlooked
 
 State v. Anderson,
 
 639 So.2d 609 (Fla.1994). In that case, our high court expressly approved
 
 McBride v. State,
 
 604 So.2d 1291 (Fla. 3d DCA 1992), and disapproved
 
 Scott v. State,
 
 594 So.2d 832 (Fla. 4th DCA 1992). Both decisions had addressed the propriety of the standard instruction, like the one used here.
 
 Scott
 
 had determined that this instruction impermissibly usurped the jury’s province.
 
 McBride
 
 held to the contrary. The Court agreed with
 
 McBride.
 
 Despite its holding, in
 
 dictum,
 
 the
 
 Anderson
 
 Court said that, if requested, a special instruction should be given to apprise the jury that it must decide the lawfulness issue. It suggested that this can be accomplished by insertion of the word “lawful” before “arrest.” This aspect of the written opinion cannot be reconciled with the Court’s holding and must be disregarded as mere dictum,
 
 [9]
 
 
 *832
 
 The jury’s province is not invaded when it is properly instructed on the law and its unbridled power to apply the facts to the law is not usurped. That was the precise holding in
 
 McBride.
 
 In fact, telling the jury to decide what is lawful in this manner invades the province of the court. The standard instructions explain the respective responsibilities of the judge and jury. The jury is told that it has the sole responsibility to apply the facts to the law. Telling the jury that it has the duty to follow the law and telling them what the law is does not usurp that power.
 
 [10]
 

 Here, the police were called by the apartment manager to eject a group of young people who were congregating in the parking lot. The manager requested that the police issue them warnings not to return. The manager told the police officers that the young people were not residents. Appellant was among the group identified by the manager. When the police officers confronted him and instructed him to stop so that they could identify him and issue a warning, he fled. This aspect of the evidence was not in dispute. Based on this evidence, the police officers had reasonable suspicion to detain Appellant, even if it turned out that Appellant actually had permission to be on the premises. Therefore, it was entirely appropriate for the trial judge to instruct the jury in generic terms as he did.
 
 [11]
 

 As for the double jeopardy issue, our decision is controlled by
 
 Swilley v. State,
 
 845 So.2d 930 (Fla. 5th DCA 2003). Contrary to the argument advanced by the State,
 
 Swilley
 
 was not implicitly overruled by
 
 Valdes v. State,
 
 3 So.3d 1067 (Fla.2009). In
 
 Valdes,
 
 our high court addressed the interpretation of section 775.021(4)(b)2., Florida Statutes, which addresses offenses that are degrees of the same offense. Our decision in
 
 Swilley
 
 was based on section 775.021(4)(b)3. It excepts from the application of the rule lesser offenses that are subsumed by a greater offense.
 
 Accord Ruiz-Alegria v. State,
 
 14 So.3d 1276 (Fla. 2d DCA 2009).
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . These instructions were amended after Appellant’s trial.
 

 [2]
 

 . We say under some circumstances because of the effect of section 776.051(1), Florida Statutes (2008). Prior to its recent amendment, this statute prohibited the use of force in defending against an unlawful arrest.
 
 Tillman v. State,
 
 934 So.2d 1263 (Fla.2006). In its present form, the statute applies to both arrests and other lawful actions by police. Essentially, what this statute does is eliminate the element of lawfulness when force is used.
 
 Dyer v. Lee,
 
 488 F.3d 876, 879 (11th Cir.2007). It does not establish a defense, as some courts suggest. "Lawfulness” is an element of the crime that the State must prove. This statute must be read
 
 in pari materia
 
 with the resisting with violence and battery statutes. The net effect is to negate the element of lawfulness. Interestingly, the initial bill proposed that "lawful” be deleted as an element in the resisting with violence statute, but it was not adopted in that form. We can only assume that, because the resisting with violence statute proscribes both resisting with actual force and resisting with threatened force, the legislature intended "lawfulness” to remain an element unless actual force is used.
 

 [3]
 

 . The judge may grant a directed verdict for the defendant, however, provided that there is no material fact dispute regarding the "lawfulness” element. This could lead to a seemingly anomalous result in cases where the court is called upon to address a motion to suppress. For purposes of constitutional criminal procedure, the court must address the lawfulness of police action and resolve factual disputes as the trier of fact. If the court grants the motion by resolving a material fact dispute adverse to the state, although the finding controls the pretrial suppression issue, it is not dispositive for purposes of determining the lawfulness element.
 

 [4]
 

 . The "vice,” as Judge Schwartz puts it, in using a case-specific instruction is that it is tantamount to a directed verdict.
 
 McBride v. State,
 
 604 So.2d 1291, 1292 (Fla. 3d DCA 1992). This is avoided by stating the legal proposition in the abstract.
 
 Id.
 

 [5]
 

 . Whether the officer is sufficiently experienced to offer this opinion testimony is a matter for the court. The jury could still discredit the testimony, however, when it applies the facts to the law.
 

 [6]
 

 .
 
 Owens
 
 is a civil case. Nevertheless, a question of law is a question of law, whether the case is civil or criminal. The distinction between the two is that, in a civil case, the court can grant a directed verdict on an element. In a criminal case, the court cannot grant a directed verdict on an element because the jury retains the power to disregard the law.
 

 [7]
 

 . The statute says: “officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty.” § 843.01, Fla. Stat. (2008).
 

 [8]
 

 . It is conceivable that this could involve a fact issue.
 

 [9]
 

 . It was
 
 dictum
 
 because the defendant did not ask for an instruction.
 
 See Cirelli v. Ent,
 
 885 So.2d 423, 427 (Fla. 5th DCA 2004). As such, we are not bound by it.
 
 Id.
 

 [10]
 

 . Nor have we overlooked
 
 Evans v. State,
 
 13 So.3d 100 (Fla. 4th DCA 2009), which purported to rely upon Anderson's
 
 dictum.
 
 Because that opinion does not include the complete charge given there or explain whether material facts were in dispute, we cannot determine if we are in conflict with its holding. To the extent that it follows the
 
 dictum
 
 in
 
 Anderson,
 
 we obviously conclude otherwise.
 

 [11]
 

 . Alternatively, we hold that any error was harmless. Both lawyers extensively argued the issue to the jury, and the prosecutor expressly acknowledged that this was an issue for the jury to decide.
 
 See, e.g., Lynch v. State,
 
 829 So.2d 371, 376 (Fla. 4th DCA 2002) (applying harmless error doctrine to court's refusal to give proposed special instruction).